ORDER
PER CURIAM:
On appeal is the July 10, 2000, decision of the Board of Veterans’ Appeals (BVA or Board) that denied the veteran’s claim for entitlement to an increased rating for bilateral varicose veins, rated as 50% disabling prior to January 12, 1998, and as 40% disabling for each lower extremity from January 12,1998.
Shortly after the record on appeal was filed for this case, the Secretary filed a motion for remand pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106-475, 114 Stat.2096 (Nov. 9, 2000). The veteran then filed two pleadings: An opposition to the Secretary’s motion for a VCAA remand, with an explicit request that the Court adjudicate the merits of his appeal; and a motion to reverse summarily the BVA decision. On June 27, 2001, the Secretary opposed the motion to reverse and reasserted his position that remand is required under the VCAA. On June 19, 2002, the Secretary filed a motion (1) to withdraw his motion seeking a VCAA remand, and (2) seeking leave to file a supplemental response to the veteran’s motion for summary reversal.
Prior to the issuance of this order, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) issued two deci *193 sions relevant to whether a VCAA remand is required for the present appeal. See Bernklau v. Principi, 291 F.3d 795 (Fed.Cir.2002); Dyment v. Principi, 287 F.3d 1377 (Fed.Cir.2002). In each decision, the Federal Circuit held that the sections of the VCAA codified at 38 U.S.C. §§ 5102, 5103, and 5103A, concerning notice and assistance to be provided to claimants by VA, are not retroactively applicable to proceedings that were complete before VA and were on appeal to this Court or the Federal Circuit when the VCAA was enacted. See Bernklau, 291 F.3d at 803-06.
The Board decision on appeal in the present case was issued on July 10, 2000, months before the November 2000 enactment of the VCAA. The Court concludes, therefore, that a remand for the Board to consider the matters on appeal in light of the VCAA sections codified at 38 U.S.C. §§ 5102, 5103, and 5103A is not required. See Bernklau and Dyment, both supra. The remaining sections of the VCAA are not implicated in this appeal. In particular, the appeal does not raise issues regarding well groundedness or the benefit-of-the-doubt doctrine. See, e.g., 38 U.S.C. § 5107; see generally Dela Cruz v. Principi, 15 Vet.App. 143, 148-49 (2001) (Court found that VCAA did not change benefit of the doubt doctrine); Luyster v. Gober, 14 Vet.App. 186 (2000) (recognizing that VCAA requires remand for readjudication if claim had been denied as not well grounded).
With respect to the veteran’s motion for reversal, the evidence of record does not establish that reversal is the appropriate remedy. This is not a case of uncontrovert-ed evidence in favor of the veteran, the sort of evidence that could result in a reversal. See Hicks v. Brown, 8 Vet.App. 417, 422 (1995). The veteran asserts that the evidence of record is replete with unre-futed documentation that he complained of pain, and that the Board nonetheless failed to award compensation for the functional impairment that pain imposed on him. In his pleadings, the veteran raises the argument that, with respect to his pain, the schedule for rating musculoskeletal system disabilities, found at 38 C.F.R. § 4.71a, should be used for his claim concerning varicose veins. The veteran argues that his functional loss due to pain should be considered pursuant to a regulatory provision regarding functional loss in the mus-culoskeletal system, i.e., 38 C.F.R. § 4.40. The veteran, however, seeks an increased disability rating for the service-connected condition of varicose veins, not a service-connected condition of the musculoskeletal system. A claim concerning the musculo-skeletal system was not decided by the Board, and is, therefore, not before the Court for this appeal. See 38 U.S.C. § 7252.
The appeal of a decision concerning a claim for an increased rating is subject to review in this Court under the “clearly erroneous” standard. See Smallwood v. Brown, 10 Vet.App. 93, 97 (1997). There is a plausible basis in the record for the Board’s determination of the correct disability rating for the veteran’s service-connected varicose vein condition. See Gilbert v. Derwinski, 1 Vet.App. 49, 53 (1990). The condition was properly rated under Diagnostic Code (DC) 7120, which is expressly designated as the DC for varicose veins. ' The DC is under a subheading “Diseases of the Arteries and Veins” in the schedule of ratings for the cardiovascular system. 38 C.F.R. § 4.104. The veteran has not argued that the rating under DC 7120 was faulty; he simply attempts, through this appeal, to have the Court determine in the first instance that his claim should be evaluated using the criteria for disabilities of the musculoskeletal system. To do so would require that the *194 Court make factual determinations, an exercise that is beyond the Court’s jurisdiction. See Hensley v. West, 212 F.3d 1255, 1263-64 (Fed.Cir.2000).
The Court affords great deference to the Board’s determination of the proper DC. Butts v. Brown, 5 Vet.App. 532, 538-39 (1993). Where, as here, the DC used is specifically labeled with the name of the veteran’s diagnosed, service-connected condition, i.e., varicose veins, the Court finds that the Board’s use of that DC was not arbitrary or capricious, not an abuse of discretion, and was in accordance with law. Id; see 38 U.S.C. § 7261(a)(3)(A).
Upon consideration of the foregoing, it is
ORDERED that the Secretary’s motion to withdraw his motion for a VCAA remand is granted. It is further
ORDERED that the Secretary’s motion for leave to file a supplemental response to the veteran’s motion for summary reversal is denied. It is further
ORDERED that the veteran’s motion for summary reversal is denied. It is further
ORDERED that the July 10, 2000, BVA decision is AFFIRMED.