# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-295

THOMAS J. KUZMA,                                         APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                           APPELLEE.


Before KRAMER, *Chief Judge*, and FARLEY, HOLDAWAY,
IVERS, STEINBERG, and GREENE, *Judges*.

## O R D E R

On January 31, 2002, the Court ordered that this matter would proceed before the full Court. It is

ORDERED that the Court's January 31, 2002, order is revoked. The matter will proceed before a panel composed of Judges Holdaway, Ivers, and Steinberg.

DATED:    July 18, 2002          PER CURIAM.


STEINBERG, *Judge*, dissenting: I cannot join in the Court's decision to remove this case from en banc consideration because I believe that the motion filed by the appellant on June 21, 2002, has raised issues that warrant full-Court consideration, both because they implicate the continued viability of this Court's binding precedential opinions in two cases, *Holliday* and *Karnas*, both *infra*, and because they raise matters of "exceptional importance".[1]

The appellant's June 21, 2002, motion, which I believe that the full Court should grant, seeks leave to file supplemental briefing on the following questions:

> 1. Whether . . . VA's duty[-]to[-]assist regulations issued on August 29, 2001[, 66 Fed. Reg. 45,620, 45,630-32 (Aug. 29, 2001) (to be codified at 38 C.F.R. pt. 3)] have application under this Court's holding in *Karnas v. Derwinski*, 1 Vet.App. 308 (1991), to an appeal to this Court of a pre-[Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA)]-enactment BVA decision where neither the Agency of Original Jurisdiction nor

---

[1] *See* U.S. VET.APP. RULE 35(c) (providing that full-Court consideration is not "granted unless such action is necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance").

the BVA had issued a decision that had become final and non-appealable before that date.

2. Whether, if the VCAA were construed not to authorize retroactive application of its provisions (other than [in] § 7[, which expressly provides for retroactivity as to § 4's amendments]), the Secretary would, nevertheless, have had the authority to continue to apply the August 29, 2001, regulations under pre-VCAA authority in effect on the date of the issuance of the regulations.

3. Whether, if question (2) is answered in the affirmative, the Secretary would also have the authority to apply those regulations retroactively.

4. Whether the holdings in *Dyment* and *Bernklau*[, both *infra*,] articulate a rule of finality regarding decisions of this Court which are appealed to the Federal Circuit as compared to the non-finality of decisions appealed to this Court, from the [BVA]. Specifically, whether the decisions in *Dyment* and *Bernklau* can be read to have implicitly overruled this Court's decision and equitable doctrine created in *Karnas* [, *supra*].

5. Whether the principles of fundamental fairness require that the Agency be estopped from evading the interpretation of the VCAA made by its General Counsel in its precedential opinion of November 27, 2000, VA Gen. Coun. Prec. 11-00 [(Nov. 27, 2000) [hereinafter G.C. Prec. 11-00]]. Specifically, whether the Agency can be now allowed to maintain a different position in litigation before this Court [that] would directly conflict with [G.C. Prec.] 11-00 that "all of the [VCAA]'s provisions apply to claims filed on or after November 9, 2000[,] as well as [to] claims filed before then but not finally decided as of that date." [*Ibid*.]

Motion at 2-3.

Notwithstanding this Court's opinion in *Holliday v. Principi*, 14 Vet.App. 280, 285 (holding, inter alia, that all provisions of VCAA were retroactively applicable to claims pending at time of enactment of VCAA), *mot. for recons. denied*, 14 Vet.App. 327 (per curiam order), *mot. for full Court review denied*, 15 Vet.App. 21 (2001) (en banc order),[2] it now appears that the VCAA no

---

[2] *See also* VA Gen. Coun. Prec. 11-00, p. 4 (Nov. 27, 2000) [hereinafter G.C. Prec. 11-00] ("all of the . . . provisions [of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA),] apply to claims filed on or after November 9, 2000, as well as to claims filed before then but not finally

longer is retroactively applicable to a claim decided by the Board before the VCAA's enactment date (November 9, 2000) and on appeal in this Court at the time of that enactment. *See Dyment v. Principi*, 287 F.3d 1377, 1385 (Fed. Cir. 2002), *mot. for en banc review filed* (May 3, 2002). In so concluding, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) reasoned:

> [T]he inference is nearly inescapable that section 3(a) of the VCAA, unlike section 4[, which explicitly provides for retroactivity], was not intended to be given retroactive effect. Certainly there is nothing in the statutory language or context that would overcome the presumption of non-retroactivity set forth by the Supreme Court [in *Landgraf v. USI Film Products*, 511 U.S. 244, 272-73 (1994)].

*Ibid*; *cf. ibid.* (stating: "We therefore decline to adjudicate [the] claim in light of the standard set forth in section 3(a) . . . , which was not enacted while [the] claim was under consideration by . . . [VA].") In *Bernklau v. Principi*, the Federal Circuit concluded that *Dyment* "was plainly correct", because the Supreme Court has "held repeatedly that federal legislation is to be construed to avoid retroactivity unless we can discern clear congressional intent for that result", *Bernklau*, 291 F.3d 795, 804 (Fed. Cir. 2002) (citing *Landgraf*, 511 U.S. at 270).[3]

However, in my view, any opinion applying and interpreting *Dyment* and *Bernklau* should be preceded by full briefing on the effect of these two cases, particularly briefing as to whether the VA "Duty to Assist" regulations issued on August 29, 2001,[4] have application under *Karnas v. Derwinski*[5], to an appeal in this Court of a pre-VCAA-enactment BVA decision where neither VA

---

decided as of that date").

[3] Curiously, the *Bernklau* opinion quoted a passage from *Landgraf v. USI Film Products*, 511 U.S. 244, 270 (1994) ("[s]ince the early days of this Court, we have declined to give retroactive effect to statutes burdening private rights unless Congress had made clear its intent"), that would appear inapplicable to the situation presented by the VCAA, in which the federal government imposed additional obligations on *itself* toward private parties and did not burden the rights of private parties. *Bernklau v. Principi*, 291 F.3d 795, 804 (Fed. Cir. 2002). The Supreme Court's opinion in *Landgraf* stresses repeatedly the concern that private rights not be retroactively burdened. *See Landgraf*, 511 U.S. at 265 ("[e]lementary considerations of fairness dictate that *individuals* should have an opportunity to know what the law is and to conform their conduct accordingly" (emphasis added)), 282 ("[t]he introduction of a right to compensatory damages is also the type of legal change that would have an impact on *private parties'* planning" (emphasis added)); *see also id.* at 266, 271, 272, 284.

[4] 66 Fed. Reg. 45,620, 45,630-32 (Aug. 29, 2002) ("Duty to Assist" regulations, amending 38 C.F.R. §§ 3.102, 3.156, 3.159, 3.326).

[5] *Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991) (holding that "where the law or regulation changes after a claim has been filed or reopened but before the administrative *or judicial appeal* process has been concluded, the version mo[re] favorable to [the] appellant should . . . apply unless Congress provided otherwise or permitted the [Secretary] to do otherwise and the Secretary did so" (emphasis added)).

nor the BVA had issued a decision that had become final and nonappealable before that date[6]. (I note that this also raises the questions whether *Karnas* remains good law after *Landgraf*, *Dyment*, and *Bernklau*, and whether a claim is "finally decided" by the BVA when it has been appealed to this Court.[7]) Furthermore, briefing should also be obtained on whether, if the VCAA were construed not to authorize retroactive application of its provisions (other than in section 7, which expressly provides for retroactivity as to section 4), the Secretary, nevertheless, would have the authority to continue to apply the August 29, 2001, regulations – and, if so, whether the Secretary would have the authority to do so retroactively as those regulations provide[8] – under non-VCAA authority in effect on the date of issuance. *See, e.g.*, 38 U.S.C. §§ 501, 5103(a), 7722(d) (1994 & Supp. V 1999).

In *Matlock v. Principi*, a panel of this Court very recently issued a briefing order regarding these *Dyment*, *Bernklau*, *Karnas*, and *Landgraf* issues, which arose in a case where the BVA decision postdated the enactment of the VCAA and preceded the promulgation of the August 29, 2001, regulations.[9] Additionally, in a case similar to the instant case insofar as it involves the appeal of a pre-VCAA BVA decision, I recently dissented from a panel decision to declare the VCAA inapplicable, and to reject briefing on the application of the August 29, 2001, regulations, to such

---

[6] *See* 38 U.S.C. §§ 7104(b), 7105(c), 7266; 66 Fed. Reg. at 45,620 (providing, except as to three provisions relating to reopening of claims, that "the provisions of this final rule apply to any claim for benefits received by VA on or after November 9, 2000, as well as to any claim filed before that date but not yet decided by VA as of that date"); G.C. Prec. 11-00, *supra* note 2 (holding VCAA generally applicable to "claims filed before [November 9, 2000,] but not finally decided as of that date").

[7] In this regard, the Court recently stated, in *Teten II*: "[A]t the time of [Mr. Teten's] death, the BVA decision had not become final, because the time for him to file a timely appeal to this Court under 38 U.S.C. § 7266(a) and *Rosler* [*v. Derwinski*, 1 Vet.App. 241, 249 (1991),] had not expired. From that date of death in July 1991 to the Court's January 1995 order vacating that BVA decision, the denial of the appellant's claim remained in a state of nonfinality." *Teten v. Principi*, 16 Vet.App. 112, 116 (2002).

[8] *See supra* note 6.

[9] The briefing order in *Matlock* stated the issues as follows:

> (1) Does section 3(a) of the VCAA apply to the claims involved in this case? *See Karnas*[, *supra* note 5.]
>
> (2) Do the revised VA adjudication regulations, *see* 66 Fed. Reg. 45,630-32 (Aug. 29, 2001) (to be codified at 38 C.F.R. pt. 3) ("Duty to Assist" regulations), apply to the claims involved in this case and, if so, under what authority were those regulations promulgated?
>
> (3) If neither VCAA section 3(a) nor the revised VA adjudication regulations apply to the claims involved in this case, did VA have a duty to assist or to notify in regard to those claims?

*Matlock v. Principi*, __ Vet.App. ___, ___, No. 01-688, 2002 WL 1357301 at *1 (June 19, 2002) (per curiam order).

an appeal.[10]  It is true that the panel to which this case is being returned could – and, I hope, will – decide to grant the appellant's June 21, 2002, motion to provide supplemental briefing.  However, because I believe that the questions raised by the appellant and by my statement here are most appropriately decided by the full Court, I voted to keep this case at the en banc level so that the full Court would receive briefing by the parties to this case as to the applicability of the VCAA and the effect of the issuance of the August 29, 2001, regulations in view of the Federal Circuit's opinions in *Bernklau* and *Dyment*, both *supra*, and of this Court's opinions in *Holliday* and/or *Karnas*, both *supra*, on a case appealing a pre-VCAA-enactment BVA decision.

---

[10] *J.B. Stephens v. Principi*, __ Vet.App. __, No. 00‑1516, 2002 WL _____ (July 10, 2002) (Steinberg, J., concurring in part and dissenting in part).