# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-292

SANTIAGO M. JUAREZ, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and IVERS and STEINBERG, *Judges*.

## O R D E R

In a September 14, 2000, Board of Veterans' Appeals (Board or BVA) decision, the Board determined that the appellant had not presented a valid claim of clear and unmistakable error (CUE) as to a June 10, 1994, VA regional office (RO) decision, and granted an earlier effective date (August 1, 1997) for his service-connected post-operative spinal stenosis of L4-L5, but denied an effective date prior to August 1, 1997, for that disability. Record (R.) at 3. On December 21, 2000, the appellant filed with the Chairman of the Board a motion for BVA reconsideration, which the Vice Chairman of the Board subsequently denied on February 5, 2001. On that same date, the Vice Chairman notified the appellant of the denial of his motion for BVA reconsideration. After receiving the February 2001 notice of the denial of BVA reconsideration, the pro se appellant, on February 9, 2001, filed with the Court a timely Notice of Appeal (NOA) as to the September 2000 BVA decision and as to the denial of his motion for BVA reconsideration. The appellant, now represented by counsel, and the Secretary have each filed a brief, and the appellant has filed a reply. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). For the reasons that follow, the Court will affirm in part and vacate in part the September 2000 Board decision.

In its September 2000 decision, the Board characterized the appellant's claim as one for an effective date earlier than August 27, 1997, for the award of service connection for post-operative spinal stenosis of L4-L5, to include the issue of whether a June 10, 1994, RO decision contained CUE. R. at 1. Although the Board determined that a valid CUE claim had not been presented, it granted an effective date of August 1, 1997, for the award of service connection for the appellant's post-operative spinal stenosis of L4-L5. R. at 3. The Board granted the earlier effective date because it found that, after an unappealed 1996 rating decision, the appellant, on August 1, 1997, filed with the RO an informal claim to reopen his previously and finally disallowed claim. R. at 12. The BVA reasoned that that informal claim had been received by the RO before an August 27, 1997, letter that discussed the appellant's medical treatment and that had been the basis for the RO's determination of an appropriate effective date for the appellant's service-connected disability. *See* 38 C.F.R. § 3.155(a), (c) (2001); R. at 3, 12-13, 246.

Subsequent to the issuance of the Board's decision in this case, Congress enacted the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA). The VCAA, inter alia, amended 38 U.S.C. § 5107(a) to eliminate the well-grounded-claim requirement. VCAA § 4. Pursuant to section 7(a)(2) of the VCAA, that amendment to section 5107(a) is applicable to "any claim . . . filed before the date of the enactment of [the VCAA] and not final as of that date." VCAA § 7(a). The VCAA also amended 38 U.S.C. § 5103 ("Notice to claimants of required information and evidence") and added 38 U.S.C. § 5103A ("Duty to assist claimants"). VCAA § 3(a).

The appellant argues that the September 2000 BVA decision should be vacated and the matter remanded for readjudication in light of the enactment of the VCAA. Appellant's Brief (Br.) at 3-4. Specifically, he argues that the VCAA "significantly modif[ied] the provisions of chapter 51 of [title 38 of the United States Code], which addresses 'claims, effective dates, and payments'" and that, because the Board decision predates the enactment of the VCAA, "[r]emand is required so that the Board may determine the applicability of the VCAA to the [appellant's] claim." Appellant's Br. at 4.

The Secretary argues that the Court should affirm the September 2000 BVA decision because that decision is supported by a plausible basis in the record. Secretary's Br. at 7-8. Furthermore, the Secretary argues that a remand for readjudication in light of the enactment of the VCAA is not required because "the record fails to reveal the necessity for additional development . . . [and the a]ppellant has been given adequate notice which detailed the law and evidence necessary to establish his claim." Secretary's Br. at 10. In his reply, the appellant argues that the BVA decision should be vacated and the matters remanded because of "the Board's failure to make a finding on the question of whether the VCAA applies." Appellant's Reply at 1.

Initially, the Court notes that it will address only those arguments adequately raised by the appellant in his briefs. *See Ford v. Gober*, 10 Vet.App. 531, 535-36 (1997) (holding that claims presented to BVA and not pursued on appeal are considered abandoned); *Grivois v. Brown*, 6 Vet.App. 136, 138 (1994); *Bucklinger v. Brown*, 5 Vet.App. 435, 436 (1993). With respect to the appellant's argument that the portion of the September 2000 Board decision that determined that he had not presented a valid CUE claim as to the June 1994 RO decision should be vacated and the matter remanded for readjudication in light of the enactment of the VCAA, that argument is unavailing because the Court has interpreted the VCAA as having no application to CUE claims. *See Parker v. Principi,* 15 Vet.App. 407, 412 (2002) (holding VCAA inapplicable to claim that RO decision contained CUE); *Livesay v. Principi*, 15 Vet.App. 165, 178-79 (2001) (en banc) (holding that CUE motion is not claim for benefits and that VCAA definition of claimant cannot encompass person seeking revision of final decision based on CUE). Accordingly, because the appellant's VCAA argument is unavailing and because he did not raise on appeal any other arguments with respect to the CUE claim, the Court will affirm the BVA decision as to that claim.

Regarding the appellant's argument that the portion of the September 2000 BVA decision that denied an effective date prior to August 1, 1997, for his service-connected post-operative spinal

stenosis of L4-L5 should be vacated and the matter remanded for readjudication in light of the enactment of the VCAA, the Court notes that the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has recently issued two decisions addressing the retroactive applicability of some of the provisions of the VCAA, *see Bernklau v. Principi*, 291 F.3d 795, 803-06 (Fed. Cir. 2002); *Dyment v. Principi*, 287 F.3d 1377, 1385 (Fed. Cir. 2002). In both *Dyment* and *Bernklau*, "the Federal Circuit held that the sections of the VCAA codified at 38 U.S.C. §§ 5102, 5103, and 5103A, concerning notice and assistance to be provided to claimants by VA, are not retroactively applicable to proceedings that were complete before VA and were on appeal to this Court or the Federal Circuit when the VCAA was enacted." *Stephens v. Principi*, 16 Vet.App. 191, 193 (2002) (per curiam order) (citing *Bernklau*, 291 F.3d at 803-06).

Here, the VCAA was enacted after the September 14, 2000, BVA decision on appeal but during the 120-day period within which the appellant could file a timely NOA, *see* 38 U.S.C. § 7266(a). Because, as of the November 9, 2000, enactment of the VCAA, the 120-day judicial-appeal period had not yet expired and the appellant had not filed an NOA, the claims denied by the September 2000 BVA decision were still pending before VA. *See Teten v. West*, 13 Vet.App. 560, 563 (2000) (holding that veteran's claim had remained pending before VA at time of his death because 120-day judicial-appeal period had not yet expired and he had not filed NOA). Thus, the proceedings were not "complete before VA." *Stephens*, 16 Vet.App. at 193. Furthermore, the appellant's December 21, 2000, motion for BVA reconsideration abated the finality of the September 2000 BVA decision and tolled the 120-day judicial-appeal period until February 5, 2001, when the Vice Chairman of the Board notified the appellant of the denial of that motion. *See Jaquay v. Principi*, 304 F.3d 1276, 1284 (Fed. Cir. 2002); *Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991). Moreover, given that the February 5, 2001, notice of the denial of that motion restarted the judicial-appeal period and given that the appellant did not file with the Court until February 9, 2001, his timely NOA, the proceedings were not "on appeal to this Court" at the time of the enactment of the VCAA. *Stephens*, *supra*; *see Jaquay* and *Rosler*, both *supra*. Therefore, neither *Dyment* nor *Bernklau*, both *supra*, precludes remanding the appellant's earlier-effective-date claim for readjudication in light of the VCAA. Accordingly, the Court will remand that claim pursuant to *Holliday v. Principi*, 14 Vet.App. 280, 282-83 (2001), *overruled, in part, by implication by Dyment* and *Bernklau*, both *supra*, in order for the Board "to make a determination as to the applicability of the various VCAA provisions to the appellant's claim[]." *Holliday*, 14 Vet.App. at 290.

On remand, the appellant is free to submit additional evidence and argument on the remanded claim in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order). The Board shall proceed expeditiously, in accordance with section 302 of the Veterans' Benefits Improvements Act of 1994, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" of claims remanded by Board or Court).

On consideration of the foregoing, it is

ORDERED that the September 14, 2000, BVA decision is AFFIRMED with respect to the Board's determination that the appellant had not presented a valid CUE claim as to the June 1994 RO decision and is VACATED with respect to the appellant's claim for an effective date prior to August 1, 1997, for his service-connected disability and that matter is REMANDED for proceedings consistent with this order. It is further

ORDERED that, to the extent that the appellant is appealing the February 5, 2001, denial of his motion for BVA reconsideration, that matter is DISMISSED as moot.


DATED:      December 13, 2002                    PER CURIAM.