# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-1996

BOBBY R. JONES,                                                      APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                          APPELLEE.

Before IVERS, *Chief Judge*, and STEINBERG and KASOLD, *Judges*.

## O R D E R

On May 20, 2004, the appellant, through counsel, filed a motion for reconsideration or, in the alternative, for a panel decision regarding a May 14, 2004, nondispositive single-judge order that directed the appellant to submit to the Court evidence, consistent with the "generalized standards" outlined in *Barrett v. Principi*, 363 F.3d 1316 (Fed. Cir. 2004) [hereinafter *Barrett II*], that during the 120-day judicial-appeal period he had a mental illness of sufficient severity to warrant equitable tolling based on mental incapacity. On June 23, 2004, the Secretary, at the direction of the Court, filed a response. For the reasons set forth herein, the motion for reconsideration will be denied, and the appellant's motion for a panel decision will be granted because in the motion he raises an issue of first impression that was not addressed in the single-judge order.

On November 10, 2003, the appellant filed a Notice of Appeal (NOA) with this Court from an October 17, 2003, decision of the Board of Veterans' Appeals (BVA or Board) that had denied reconsideration of an August 8, 2002, BVA decision. The Board received the appellant's motion for reconsideration on August 27, 2003, which is more than 120 days after the date stamped on the underlying Board decision. *Cf. Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991) (concluding that when appellant files motion for reconsideration with Board within 120-day judicial-appeal period, finality of that BVA decision is abated). The Secretary filed a motion to dismiss the appeal based on an untimely filed NOA. In his response, the appellant argues that his mental incapacity prevented him from timely filing his NOA and asked the Court to allow equitable tolling of the 120-day judicial-appeal period on the basis of mental incapacity.

While this matter was pending before the Court, the United States Court of Appeals for the Federal Circuit (Federal Circuit) in *Barrett II* reversed this Court's judgment in *Barrett v. Principi,* U.S. Vet. App. No. 02-2382 (order June 5, 2003) [hereinafter *Barrett I*] which had dismissed the veteran's appeal for lack of jurisdiction on the grounds that mental incapacity had not been adopted as a basis for equitable tolling, and remanded the matter for further proceedings in accordance with its opinion. *Barrett II*, 363 F.3d at 1321. The Federal Circuit held that "mental illness can justify equitable tolling of section 7266(a) under some circumstances" and set forth generalized standards

to govern claims of mental incapacity. *Id.* at 1317. On May 14, 2004, the Court in the instant case denied the parties' joint motion to stay proceedings pending the Court's interpretation of *Barrett II* either on remand or in *McPhail v. Principi*, U.S. Vet. App. No. 02-2016 (submitted to panel Apr. 7, 2004), and ordered the appellant to submit, within 60 days, evidence of entitlement to equitable tolling on the ground of mental incapacity.

In the motion presently before the Court, the appellant asserts that the May 14, 2004, single-judge order improperly interpreted *Barrett II* as "saddling" the appellant with the "sole responsibility of producing evidence to meet [the] burden of proof on the equitable[-]tolling issue." Appellant's Motion (Mot.) at 1. The appellant, in effect, moves that the Court issue a "limited remand" and order the Secretary to assist the appellant in developing evidence relevant to the equitable-tolling issue, including a medical examination, provided pursuant to 38 U.S.C. § 5103A as enacted in the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, § 3, 114 Stat. 2096, 2096-97. Appellant's Mot. at 2-4. The appellant also argues that a limited remand will allow the Court to retain jurisdiction over the merits of his November 10, 2003, appeal should the *Barrett* requirements for equitable tolling be satisfied. Appellant's Mot. at 4. For the reasons set forth below, the Court will deny the appellant's motion for a limited remand.

The appellant's arguments are without merit. Relying on *Juarez v. Principi*, 16 Vet.App. 518 (2002) (per curiam order), the appellant argues that his claim remained pending at VA after the Board issued its decision and that he is thus entitled to VA's duty to assist in proving his mental incapacity during the 120-day judicial-appeal period. Appellant's Mot. at 2. In *Juarez*, this Court held that if a Board decision was issued prior to the November 9, 2000, enactment of the VCAA, and the 120-day judicial-appeal period had not yet expired and the appellant had not filed an NOA, proceedings before VA were not "complete." *Juarez*, 16 Vet.App. at 521 (quoting *Stephens v. Principi*, 16 Vet.App. 191, 193 (2002)). The Court thus distinguished *Juarez* from Federal Circuit precedent that held that the VCAA was not retroactively applicable to proceedings that were complete before VA and were on appeal to this Court or the Federal Circuit when the VCAA was enacted. *Juarez*, 16 Vet.App. at 521 (noting holdings in *Bernklau v. Principi*, 291 F.3d 795, 803-06 (Fed. Cir. 2002), and *Dyment v. Principi*, 287 F.3d 1377, 1385 (Fed. Cir. 2002)).

The appellant's reliance on *Juarez* is misplaced because *Juarez* relates to whether the VCAA applies to a case in which the VCAA was enacted after the Board decision but during the 120-day judicial-appeal period. *Juarez*, *supra*. In the instant case, the VCAA amendments clearly applied to the merits of the appellant's underlying claim for VA benefits at the time of the August 2002 Board decision and are clearly in effect now as to any such claim. *Jaurez* is not relevant to deciding the issue presented here–whether the VCAA amendments apply to cases in which the Board decision was issued well after the November 9, 2000, enactment of the VCAA, so as to authorize the Secretary to assist a claimant to prove mental incapacity during the 120-day judicial-appeal period for purposes of equitable tolling. In addition, the reasoning in *Juarez* was rejected by the Federal Circuit in *Hayslip v. Principi*, 364 F.3d 1321, 1326 (2004). In *Hayslip*, the Federal Circuit accepted the Secretary's argument that a BVA decision should be "considered final for the purposes of implementation of the notice and assistance provisions of section 3(a) of the VCAA because

reconsideration of the decision was not ordered according to 38 U.S.C. § 7103(a) or 38 C.F.R. § 20.1100(a)." *Hayslip*, 364 F.3d at 1326. The Federal Circuit noted that, "[p]ursuant to 38 U.S.C. § 7266(a), jurisdiction does not vest in the [United States Court of Appeals for Veterans Claims] until the filing of a timely notice of appeal." *Id*.

The appellant's central position, that he is entitled to VA's assistance in developing his equitable-tolling motion in this Court, is erroneous. Section 5103A has no application to the question of this Court's jurisdiction to consider an appeal in which the NOA was untimely filed. Section 5103A applies to claimants before VA who are attempting to "substantiate" their claims for VA benefits. For purposes of, inter alia, section 5103A, a "claimant" is defined in 38 U.S.C. § 5100 as "any individual applying for, or submitting a claim for, any benefit under the laws administered by the Secretary." 38 U.S.C. § 5100. The Secretary's duty to assist provides: "The Secretary shall make reasonable efforts to assist a claimant in obtaining evidence *necessary to substantiate the claimant's claim for a benefit* under a law administered by the Secretary." 38 U.S.C. § 5103A(a)(1) (emphasis added). The assistance provided by the Secretary under subsection (a) includes "providing a medical examination or obtaining a medical opinion when such an examination or opinion is *necessary to make a decision on the claim*." 38 U.S.C. § 5103A(d) (emphasis added).

The Court concludes that, under the plain language of section 5103A, on which the appellant relies, the Secretary's duty-to-assist provisions apply in connection with a claimant's attempt to establish entitlement to his or her claim for an award of VA benefits and not in connection with a claimant's attempt to establish mental incapacity for purposes of tolling the judicial-appeal period and obtaining this Court's jurisdiction over an appeal of a BVA decision. *See Gardner v. Brown*, 1 Vet.App. 584, 586 (1991) (explaining that to determine "statute's plain meaning requires examining the specific language at issue and the overall structure of the statute"), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456 (Fed. Cir. 1993), *aff'd*, 513 U.S. 115, 120 (1994) (holding that "the text and reasonable inferences from it give a clear answer against the Government, and that, as we have said, is 'the end of the matter'" (quoting *Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409 (1993), and *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837, 842 (1984))); *see also Chevron, supra* (holding that when "Congress has directly spoken to the precise question at issue" and "the intent of Congress is clear, that is the end of the matter"). Because the appellant is seeking application of section 5103A in connection with his attempt to establish mental incapacity during the applicable judicial-appeal period and is not seeking application of section 5103A to establish entitlement to a claim for an award of VA benefits–here a claim for service connection for a nervous condition to include schizophrenia and depression–he is not entitled to assistance under section 5103A for the purpose he seeks.

The Court has the authority to find facts "crucial to the proper determination of whether this Court has jurisdiction." *Stokes v. Derwinski*, 1 Vet. App. 201, 203-04 (1991); *see also Shepard v. West*, 12 Vet. App. 107 (1998) (per curiam order) (Court has authority to find jurisdictional facts); *Henderson v. West*, 12 Vet. App. 11, 14 (1998) (Court has jurisdiction to determine its jurisdiction over a case). The ultimate burden of establishing jurisdiction rests with the appellant, *see McNutt v. G.M.A.C.*, 298 U.S. 178 (1936); Bailey v. West, 160 F.3d 1360, 1371 (Fed. Cir. 1998) (Michel,

3

J., concurring) ("Unlike trial courts, we as a Court of Appeals lack adequate mechanisms to find contested or complex facts. . . . we should avoid assuming a new and time-consuming burden of adjudicating equities for tolling purposes."), and the appellant has not carried that burden.

Upon consideration of the foregoing, it is, by the single judge,

ORDERED that the May 20, 2004, motion for reconsideration is denied.  It is, by the panel,

ORDERED that the motion for a panel decision is granted, and the Court's May 14, 2004, order is withdrawn and this order is issued in its stead. It is further

ORDERED that the appellant's motion for a limited remand in order to allow the Secretary to assist the appellant in the development of evidence relevant to the equitable-tolling issue and to allow the Court to retain jurisdiction over the merits of his November 2003 appeal is denied.  It is further

ORDERED that, not later than 30 days after the date of this order, the appellant submit any evidence of entitlement to equitable tolling on the grounds of mental incapacity.  It is further

ORDERED that, not later than 30 days after the date on which the appellant files his response, the Secretary file a response thereto.

DATED:  November 19, 2004                    PER CURIAM.

4