# United States Court of Appeals for the Federal Circuit

05-7082

BOBBY R. JONES,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

James R. Barney, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., of Washington, DC, argued for claimant-appellant. On the brief was Mark R. Lippman, The Veterans Law Group, of La Jolla, California.

Gregory T. Jaeger, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Todd M. Hughes, Assistant Director. Of counsel were Richard J. Hipolit, Deputy Assistant General Counsel, Y. Ken Lee, Attorney, and Michael J. Timinski, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge Donald L. Ivers (Retired)

# United States Court of Appeals for the Federal Circuit

05-7082

BOBBY R. JONES,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  December 14, 2005

_____

Before LOURIE, LINN, and PROST, Circuit Judges.

PROST, Circuit Judge.

Bobby R. Jones ("Jones") appeals from a non-final order of the United States Court of Appeals for Veterans Claims ("CAVC" or "Veterans Court") denying Jones's motion for a limited remand to allow the Secretary of Veterans Affairs ("Secretary" or "government") to assist Jones in his tolling claim and ordering Jones to submit further evidence to support his claim of entitlement to equitable tolling on the grounds of mental incapacity.  Jones v. Principi, No. 03-1996 (Vet. App. Nov. 19, 2004).[1]  On appeal, Jones argues that the Veterans Court improperly interpreted 38 U.S.C. § 5103A by disregarding the duty-to-assist required by the government in the development of Jones's tolling claim based upon mental incapacity.  Because the Veterans Court order

_____

[1]    R. James Nicholson became Secretary of Veterans Affairs on February 1, 2005, replacing Anthony J. Principi.

is non-final and nothing would prevent Jones from raising his duty-to-assist argument after the Veterans Court issues its final judgment, we dismiss this appeal.

## I. BACKGROUND

Jones had active duty for training with the Louisiana National Guard for five weeks, from May 19, 1976 to June 25, 1976. On August 8, 2002, the Board of Veterans' Appeals ("BVA" or "Board") denied Jones's claim for service connection for a nervous condition to include schizophrenia and depression. Over a year later, on August 27, 2003, the Board received Jones's motion for reconsideration, and on October 17, 2003 the Board denied the motion.

On November 10, 2003, after the 120-day jurisdictional time period prescribed by 38 U.S.C. § 7266(a) had passed, Jones filed a notice of appeal ("NOA") at the Veterans Court. Jones, slip op. at 1. The government responded by filing a motion to dismiss the appeal for lack of jurisdiction as untimely. In his response, Jones argued that his mental incapacity prevented him from timely filing his NOA. He therefore asked the Veterans Court to allow equitable tolling of the 120-day judicial-appeal period on the basis of mental incapacity. Id.

While this matter was pending before the Veterans Court, this court reversed the Veterans Court's decision in Barrett v. Principi, U.S. Vet. App. No. 02-2382 (order June 5, 2003), which had dismissed the veteran's appeal for lack of jurisdiction on the grounds that mental incapacity had not been adopted as a basis for equitable tolling. Barrett v. Principi, 363 F.3d 1316 (Fed. Cir. 2004). This court stated in that opinion that "mental illness can justify equitable tolling of section 7266(a) under some circumstances." Id. at 1321. Thereafter, on May 14, 2004, the Veterans Court ordered

Jones to submit evidence on his asserted claim of equitable tolling on the grounds of mental illness. Jones, slip op. at 1 (noting that the May 14, 2004 order "directed the appellant to submit to the Court evidence, consistent with the 'generalized standards' outlined in Barrett v. Principi, 363 F.3d 1316 (Fed. Cir. 2004), that during the 120-day judicial-appeal period he had a mental illness of sufficient severity to warrant equitable tolling based on mental incapacity"). On May 19, 2004, Jones filed a motion for reconsideration, or in the alternative, for a panel review, of the May 14, 2004 order. Jones, slip op. at 1. Jones claimed entitlement to Veterans Affairs ("VA") assistance in establishing his theory of equitable tolling. Id., slip op. at 2. "The appellant, in effect moves that the Court issue a 'limited remand' and order the Secretary to assist the appellant in developing evidence relevant to the equitable-tolling issue, including a medical examination, provided pursuant to 38 U.S.C. § 5103A as enacted in the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, § 3, 114 Stat. 2096, 2096-97." Id.

On November 19, 2004, the Veterans Court, in a published three-judge panel order, denied the motion for reconsideration. Id., slip op. at 1. The court found that Jones improperly relied on Juarez v. Principi, 16 Vet. App. 518 (2002), to show that "his claim remained pending at VA after the Board issued its decision and that he is thus entitled to VA's duty to assist in proving his mental incapacity during the 120-day judicial-appeal period." Jones, slip op. at 2. The court stated that "Juarez is not relevant to deciding the issue presented here . . . [and] the reasoning in Juarez was rejected by the Federal Circuit in Hayslip v. Principi, 364 F.3d 1321, 1326 (2004)." Jones, slip op. at 2. The Veterans Court then concluded that "[t]he appellant's central

position, that he is entitled to VA's assistance in developing his equitable-tolling motion in this Court, is erroneous." Id., slip op. at 3. The Veterans Court stated that § 5103A was inapplicable because it establishes the Secretary's duty-to-assist "in connection with a claimant's attempt to establish entitlement to his or her claim for an award of VA benefits and not in connection with a claimant's attempt to establish mental incapacity for purposes of tolling the judicial-appeal period and obtaining this Court's jurisdiction over an appeal of a BVA decision." Id. In its November 19, 2004 order, the Veterans Court again ordered that Jones "submit any evidence of entitlement to equitable tolling on the grounds of mental incapacity." Id., slip op. at 4. Jones did not submit evidence to the Veterans Court but instead filed a notice of appeal to this court on November 23, 2004.

This court has jurisdiction under 38 U.S.C. § 7292 to review appeals from the Veterans Court.

## II.  DISCUSSION

### A.  Standard of Review

This court reviews decisions by the Veterans Court deferentially. Under 38 U.S.C. § 7292(d)(1), we must affirm a Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1) (2000). Except for constitutional issues, we may not review any "challenge to a factual determination" or

any "challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2) (2000).

## B. Finality

The threshold issue in this case is whether this court has jurisdiction over Jones's appeal. Jones argues that we do, relying on the basic principle that this court has jurisdiction to review Veterans Court decisions concerning any challenge to an interpretation of a statute, regulation, or rule under 28 U.S.C. § 7292(a). Therefore, because Jones challenges the Veterans Court's interpretation of 38 U.S.C. § 5103A, the statutory duty-to-assist, he argues that this court has jurisdiction over this appeal.[2] On the merits, Jones maintains that the Veterans Court misconstrued § 5103A to require VA assistance only with respect to the merits of a disability claim, and thus, found that the Secretary's duty-to-assist did not apply to the development of his tolling claim based upon his alleged mental incapacity.

Jones acknowledges that the Veterans Court's interim orders are treated like remand orders and are generally not reviewable. See Adams v. Principi, 256 F.3d 1318, 1320 (Fed. Cir. 2001) ("In applying the statute that grants us jurisdiction over appeals from the Veterans Court, we have generally declined to review non-final orders

---

[2] Section 5103A reads:
(1) The Secretary shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit under a law administered by the Secretary.
(2) The Secretary is not required to provide assistance-to a claimant under this section if no reasonable possibility exists that such assistance would aid in substantiating the claim.
(3) The Secretary may defer providing assistance under this section pending the submission by the claimant of essential information missing from the claimant's application.

of the Veterans Court."); see also Catlin v. United States, 324 U.S. 229, 233 (1945) (finding that an "order is final only when it ends the litigation on the merits and leaves nothing more for the court to do but execute judgment"). However, Jones maintains that this court needs to review the Veterans Court interim decision for three reasons:

(1) The order will govern future Veterans Court decisions, because it "made a clear and final decision on a legal issue." He argues that the decision "held that VA does not have a duty-to-assist in the development of the record on the issue of equitable tolling."

(2) "The interim order will adversely affect Jones, as he will bear sole responsibility (financial and otherwise) for the development of the record. Under the order, he will not be entitled to any VA assistance."

(3) A substantial risk exists that the legal issue decided by the Veterans Court interim order may "evade future review." He points out that if he prevails on his claim of equitable tolling, "the question of VA assistance becomes moot." Therefore, Jones argues that if he "succeeds on the jurisdictional issue, but loses his appeal on the merits, the issue of VA assistance on the equitable tolling claim escapes review." Moreover, if Jones loses under the Veterans Court's final decision, he argues that "[w]ith the record developed, the Veterans Court would then be making unreviewable factual findings as to the credibility and persuasiveness of the medical evidence on the mental incapacity question."

The government responds that this court lacks jurisdiction and must accordingly dismiss. The government points out that controlling law holds that non-final orders are not reviewable and that the only exception is the collateral rule exception, which

requires the fulfillment of certain conditions that are not met in this case. Namely, the conditions include that the issue addressed by the non-final order would be "effectively unreviewable" from a final judgment in the case. See Caesar v. West, 195 F.3d 1373, 1374-75 (Fed. Cir. 1999). The government argues that because Jones can raise this argument after the Veterans Court issues its final judgment, the interim order is not "effectively unreviewable," and thus it does not come under the collateral order exception.

This court does not typically review remand or interim orders by the Veterans Court "because they are not final judgments." Winn v. Brown, 110 F.3d 56, 57 (Fed. Cir. 1997); see also Williams v. Principi, 275 F.3d 1361, 1364 (Fed. Cir. 2002); Adams, 256 F.3d at 1320. This rule requires that "a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." Flanagan v. United States, 465 U.S. 259, 263 (1984); see also Cabot Corp. v. United States, 788 F.2d 1539, 1542 (Fed. Cir. 1986). In doing so, the requirement of finality ensures this court does not issue merely advisory opinions. Cabot, 788 F.2d at 1543 (noting that this requirement serves to avoid "unnecessary piecemeal appellate review without precluding later appellate review of the legal issue or any other determination made on a complete administrative record"); see also Williams, 275 F.3d at 1364. However, this court's precedent establishes that in order to depart from this requirement three conditions must be satisfied:

> (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a

substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.

Williams, 275 F.3d at 1364 (footnotes omitted); see also Myore v. Principi, 323 F.3d 1347, 1351 (Fed. Cir. 2003).[3]

Agreeing that the Williams standard applies in this instance, both parties acknowledge that the first two requirements of Williams are met and therefore the last criterion is the only one in dispute.[4] While Jones argues that the issue in this case of whether § 5103A extends the "duty-to-assist" required by the Secretary to the development of his tolling claim will evade review, the government responds that Jones has not shown that the Veterans Court ruling would be mooted by the interim order.

We find that this case does not satisfy the narrow exception to the rule of finality. This court has addressed this issue in at least two similar cases. See Myore, 323 F.3d 1347; Winn, 110 F.3d 56. In Winn, the Board denied disability benefits to the veteran based on lack of service connection. 110 F.3d at 57. On appeal to the Veterans Court, Winn argued that his condition was service-connected and also challenged the validity of a VA regulation, 38 C.F.R. § 3.303(c), which disallowed service-connection for certain mental disorders. Id. The Veterans Court held that the challenged regulation was valid but vacated and remanded the Board decision for further fact-finding on the merits of his case. Id.

---

[3]     The Supreme Court has emphasized that the exception to the rule of finality is narrow: "The importance of the final judgment rule has led the Court to permit departures from the rule 'only when observance of it would practically defeat the right to any review at all.'" Flanagan, 465 U.S. at 265 (quoting Cobbledick v. United States, 309 U.S. 323, 324-25 (1940)).

[4]     While the Williams exception speaks in terms of remand orders, it extends to any type of non-final Veterans Court order, including interim orders.

On appeal of the remand to this court, Winn argued that the issue would evade review. This court rejected Winn's argument that he had a right to appeal from the non-final order and dismissed the appeal, finding instead that the order would not be unreviewable at a later stage of litigation. Analogous to the facts in this case, this court noted that "Mr. Winn may win or lose on the facts of his case without regard to the regulation he now challenges." Id. This court found that the issue would be reviewable if Winn lost in a final judgment, stating

> [i]f he loses, and the regulation is applied against him, and the loss is affirmed by the Court of Veterans Appeals, then Mr. Winn can certainly appeal to this court on what will then be a final judgment. At that time, if the regulation had been relied upon by the Court of Veterans Appeals in reaching its decision, then Mr. Winn may have proper standing to challenge its validity before this court.

Id.

Relying in part on Winn, this court in Myore also found that the issue in that appeal would be reviewable at a later stage of litigation. Myore, 323 F.3d at 1352 ("Myore may win or lose on the facts of her case without regard to the Veterans Court's interpretation of section 1310(a), which she now challenges.").[5] This court rejected Myore's argument that the issue will be important on remand, finding instead that "[t]he mere fact that the Veterans Court as part of a remand decision may have made an error of law that will govern the remand proceeding – even one that, if reversed, would lead to a decision in favor of the claimant – does not render that decision final." Id. Instead, this court determined that the issue would be reviewable if Myore lost on remand,

---

[5] Myore distinguishes the earlier holdings of Stevens v. Principi, 289 F.3d 814 (Fed Cir. 2002), Adams, 256 F.3d 1318, and Allen v. Principi, 237 F.3d 1368 (Fed. Cir. 2001). Myore, 323 F.3d at 1352-53.

stating that "[i]f Myore loses before the Board, and section 1310(a) is applied against her, and the Board's decision is affirmed by the Veterans Court, then Myore may seek review of that court's interpretation of section 1310(a) on what will then be a final judgment." This court thus determined that the issue would not evade review and that it was not appealable. Id.

Following the holdings of Winn and Myore, we find that the Williams test does not depend on whether the Veterans Court's interpretation of § 5103A will be applied in the Veterans Courts final decision, but whether there is a substantial risk that this interpretation will not survive the non-final order. The correctness of the Veterans Court's construction of § 5103A will not be rendered unreviewable by our decision to dismiss the case; an appeal may be taken from the final decision. Here, Jones may win or lose the case before the Veterans Court without regard to its interpretation of § 5103A. If Jones loses on his tolling claim, he may then seek review of the Veterans Court's interpretation on what then will be a final judgment. We conclude that the Veterans Court order is not a final appealable order, and that there is not a substantial risk that the interim decision will not survive a later stage of litigation.

## CONCLUSION

Accordingly, we hold that we lack jurisdiction and the appeal is dismissed.

## COSTS

No costs.

## DISMISSED