NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

**PAUL E. ROBINSON,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————————

2020-1969

———————————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-4296, Judge William S. Greenberg.

———————————————

Decided: January 8, 2021

———————————————

PAUL E. ROBINSON, Phoenix, AZ, pro se.

SONIA W. MURPHY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, ERIC P. BRUSKIN, ROBERT EDWARD KIRSCHMAN, JR.; MEGHAN ALPHONSO, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Paul E. Robinson appeals a United States Court of Appeals for Veterans Claims (Veterans Court) judgment vacating the Board of Veterans' Appeals (Board) denial of an earlier effective date for his total disability rating based on individual unemployability (TDIU) and remanding for further adjudication. For the reasons discussed below, we *dismiss*.

## BACKGROUND

Mr. Robinson served in the United States Army National Guard from October 1976 to January 1982. In August 2009, the Department of Veterans Affairs (VA) granted Mr. Robinson a TDIU effective July 1, 2008. The Board denied his appeal seeking an earlier effective date. On appeal to the Veterans Court, the government conceded that vacatur and remand were warranted because the Board's decision relied on evidence of "sedentary work" prior to July 1, 2008, but the Board failed to explain the meaning of "sedentary work" or how it factored into Mr. Robinson's ability to secure "a substantially gainful occupation." *Robinson v. Wilkie*, No. 18-4296, 2019 WL 5607902, at *1 (Vet. App. Oct. 31, 2019). In a single-judge decision, the Veterans Court remanded "because the necessary discussion of sedentary work constitutes a factual determination that the Board must make in the first instance." *Id.* at *2. A panel of the Veterans Court adopted the single-judge decision. Mr. Robinson appeals.

## DISCUSSION

We do not typically review remand orders by the Veterans Court "because they are not final judgments."

*Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002). We depart from this rule only if:

> (1) there [has] been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary;

> (2) the resolution of the legal issues [] adversely affect[s] the party seeking review; and,

> (3) there [is] a substantial risk that the decision would not survive a remand, *i.e.,* that the remand proceeding may moot the issue.

*Id.*

Mr. Robinson's appeal does not satisfy this standard. There is no clear and final decision of a legal issue, only a remand for expedited readjudication of Mr. Robinson's effective-date arguments. Moreover, the Veterans Court's remand is not adverse to Mr. Robinson because it vacated the Board's denial of Mr. Robinson's desired effective date. Accordingly, we hold we lack jurisdiction over this appeal. *See Jones v. Nicholson*, 431 F.3d 1353, 1359 (Fed. Cir. 2005).

## CONCLUSION

Because we lack jurisdiction, we dismiss.

## DISMISSED

## COSTS

No costs.