NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BENJAMIN W. LATHAM,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1390, 2025-1391

---

Appeals from the United States Court of Appeals for Veterans Claims in Nos. 23-6532, 24-8210, Judge Coral Wong Pietsch.

---

Decided: July 17, 2025

---

BENJAMIN WAYNE LATHAM, Raleigh, NC, pro se.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, YAAKOV ROTH; BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before HUGHES, LINN, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Benjamin Latham, a veteran of the U.S. Marine Corps, appeals a decision of the United States Court of Appeals for Veterans Claims denying Mr. Latham's request to suspend action by the Secretary. Because we lack jurisdiction to review such non-final decisions of the Veterans Court, we dismiss.

I

The present appeal is one of many Mr. Latham has filed with this court. We explained the relevant factual background in *Latham v. Collins*, No. 2024-2253, 2025 WL 733106 (Fed. Cir. Mar. 7, 2025). While that appeal was pending, Mr. Latham filed duplicate motions at the Veterans Court in two cases under Rule 8 of the Veterans Court's Rules of Practice and Procedure. Rule 8 allows "a party [to] file a motion seeking a Court order to suspend action by the Secretary of the Board" during the pendency of an appeal before the Veterans Court. Vet. App. R. 8(a)(1). Mr. Latham asked the Veterans Court to "(1) [suspend] the Secretary from conducting [Program of Comprehensive Assistance for Family Caregivers (PCAFC)] reassessments, (2) suspend enforcement of mandatory in-home visits, and (3) [suspend the] VA's residency restrictions prohibiting PCAFC veterans and caregivers from residing abroad." Appx 3, Appx 6.[1]

———————————

[1] Citations to "Appx" refer to the Appendix submitted by the Appellant with his Informal Brief (ECF No. 13). Mr. Latham also filed a Supplemental Appendix with his

The Veterans Court denied these requests in both cases. Appx 3–5, Appx 6–9. In both cases, Mr. Latham filed a motion to expedite proceedings and a motion for reconsideration, or in the alternative, a motion for a panel decision. Appx 1–2, Appx 8. The Veterans Court denied the motions for reconsideration and panel review because a single judge review of an interlocutory action is not subject to reconsideration or panel review; the Veterans Court denied the motions to expedite proceedings as moot. *See* Appx 1–2, Appx 6–9.

Mr. Latham appealed both decisions; we consolidated his appeals into the present action.

## II

We have limited jurisdiction over appeals from the Veterans Court. Our review of decisions of the Veterans Court is governed by 38 U.S.C. § 7292. We "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). But we cannot review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a case absent a constitutional issue. *Id.* § 7292(d)(2); *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). "While [the] statute does not explicitly impose a final judgment requirement, we have nonetheless generally declined to review non-final orders of the Veterans Court on prudential grounds." *Joyce v. Nicholson*, 443 F.3d 845, 849 (Fed. Cir. 2006) (internal quotation marks and citation omitted).

## III

Mr. Latham appeals non-final decisions issued by the Veterans Court. He argues that the *Williams v. Principi*

---

Informal Reply Brief (ECF No. 25); we do not reference that appendix in this opinion.

exception to strict finality applies. *Williams v. Principi* established a three-part test for deviation from the strict rule of finality:

> [W]e will depart from the strict rule of finality when the Court of Appeals for Veterans Claims has remanded for further proceedings only if three conditions are satisfied: (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings, or (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and (3) there must be a substantial risk that the decision would not survive such a remand, i.e., that the remand proceeding may moot the issue.

275 F.3d 1361, 1364 (Fed. Cir. 2002) (internal footnotes omitted). In *Jones v. Nicholson*, we explained that *Williams* is not limited to remand orders, but "extends to any type of non-final Veterans Court order, including interim orders." 431 F.3d 1353, 1359 n. 4 (Fed. Cir. 2005).

Mr. Latham's appeal meets none of these conditions. Mr. Latham appeals the Veterans Court's decisions denying his request to suspend actions by the Secretary. These orders do not finally resolve any legal issues. The Veterans Court has not decided Mr. Latham's appeal on the merits. Instead, the Veterans Court only issued procedural orders denying Mr. Latham's requests to suspend actions by the Secretary pending appeal. *See Yoon v. Collins,* No. 2025-1839, 2025 WL 1765453, at *2 (Fed. Cir. June 26, 2025) (noting that while 28 U.S.C. § 1291(a)(1) "extends appellate jurisdiction to interlocutory orders of district courts granting or denying injunctive relief," no "similar statutory exception authoriz[es] our direct review" for decisions of the Veterans Court); *see also Ortiz v. Principi,* 76 F. App'x

934, 935 (Fed. Cir. 2003) (holding we lack jurisdiction to review the Veterans Court's order to exclude certain documents because "[i]t [was] simply a preliminary procedural order entered at the onset of the appellate proceeding"). We may review Mr. Latham's substantive claims once they have been finally adjudicated by the Veterans Court. Thus, we dismiss Mr. Latham's appeal because we do not possess prudential jurisdiction to review the Veterans Court's non-final decisions.

## IV

We have considered Mr. Latham's remaining arguments and find them unpersuasive. Because we lack jurisdiction to review Mr. Latham's appeal, we dismiss.

**DISMISSED**

COSTS

No costs.