RICH, Circuit Judge.
 

 Jimmy R. Winn (Mr. Winn), appeals from the January 30,1996 decision of the Court of Veterans Appeals remanding the appeal from the Board of Veterans’ Appeals (BVA) concerning Mr. Winn’s claim to service connection status for his psychiatric disorders. For the reasons discussed below, we dismiss the appeal to this court.
 

 BACKGROUND
 

 Mr. Winn served on active duty in the United States Navy from August 1962 until June 1968, at which time he was honorably discharged from service because of certain psychiatric disorders. This appeal arose from proceedings before the Department of Veterans Affairs (DVA) that began at the Muskogee, Oklahoma Regional Office in or about 1989 in which Mr. Winn claimed his psychiatric disorders to be, at least in part,
 
 *57
 
 service connected disabilities. In August 1993, the BVA decided that Mr. Winn’s disorders were not service connected. Later that month, Mr. Winn filed his notice of appeal to the Court of Veterans Appeals. In the January 30, 1996 decision, the Court of Veterans Appeals vacated the BVA’s decision and remanded the case to the BVA for,
 
 inter alia,
 
 the convening of a board of psychiatrists to take further evidence and reconcile conflicting professional opinions concerning the nature and onset of Mr. Winn’s psychiatric disorders.
 

 While his case was before the Court of Veterans Appeals, Mr. Winn also challenged the validity of a DVA regulation, 38 C.F.R. § 3.303(c) (1994), that recognizes certain disorders, particularly in the field of mental disorders, to be of such a nature that they are accepted as showing pre-service origin and are therefore not service connected by their very nature. Mr. Winn argued that this regulation was invalid in so far as it contradicts the plain language of a statute, 38 U.S.C. § 1111 (1994). Section 1111 concerns the basic entitlement to disability compensation and provides that every veteran shall be taken to have been in sound condition when examined on enlistment except as to defects, infirmities or disorders noted at the time of his enlistment examination or where clear and unmistakable evidence demonstrates that a particular injury or disease existed before enlistment. Mr. Winn argued that the regulation, Section 3.303(c), is invalid because it destroys the presumption created by Section lili.
 
 [1]
 
 The Court of Veterans Appeals disagreed with Mr. Winn and held the regulation to be a valid exercise of the DVA’s authority.
 

 On appeal to this court, Mr. Winn’s only challenge is to the Court of Veterans Appeals’ holding on the validity of Section 3.303(c). He does not challenge the remand to the BVA. The DVA argues that we lack jurisdiction at this time to hear Mr. Winn’s challenge to the validity of the regulation because the decision of the Court of Veterans Appeals is not a final, appealable order.
 

 ANALYSIS
 

 This Court typically does not have jurisdiction over Court of Veterans Appeals remands because they are not final judgments.
 
 See Travelstead v. Derwinski,
 
 978 F.2d 1244, 1247-49 (Fed.Cir.1992);
 
 Cabot Corp. v. United States,
 
 788 F.2d 1539, 1542 (Fed.Cir.1986). Yet, a so-called “collateral order exception” to this so-called “final judgment rule” does exist when the remand disposes of an important legal issue that would be effectively unreviewable at a later stage of litigation.
 
 Coopers & Lybrand v. Livesay,
 
 437 U.S. 463, 468, 98 S.Ct. 2454, 2457-58, 57 L.Ed.2d 351 (1978);
 
 see also, Travelstead,
 
 978 F.2d at 1247 n. 7.
 

 This case, however, does not present such an exception. In contradistinction, in this case the Court of Veterans Appeals remanded Mr. Winn’s claim to the BVA for further fact finding on the merits of his particular disorder. There, Mr. Winn may win or lose on the facts of his case without regard to the regulation he now challenges. If he loses, and the regulation is applied against him, and the loss is affirmed by the Court of Veterans Appeals, then Mr. Winn can certainly appeal to this court on what will then be a final judgment.
 
 [2]
 
 At that time, if the regulation had been relied upon by the Court of Veterans Appeals in reaching its decision, then Mr. Winn may have proper standing to challenge its validity before this court.
 

 CONCLUSION
 

 Because we find that the Court of Veterans Appeals has not yet rendered a final,
 
 *58
 
 appealable judgment and Mr. Winn has not shown his case to be within the collateral order exception, we hold that we lack jurisdiction over the appeal. Accordingly, this appeal is
 

 DISMISSED.
 

 [1]
 

 . Mr. Winn also argued that because his enlistment examination revealed no disorders, this statute entitles him to a presumption that he had no disorder on enlistment and that any disorders he manifested on discharge from service must therefore be service connected.
 

 [2]
 

 . The DVA also agreed during oral argument that Mr. Winn’s challenge to the validity of the regulation on appeal from such a final judgment would not be objectionable as a mere "challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2)(B) (setting forth an area that is beyond this court’s jurisdiction).