ON MOTION
MICHEL, Circuit Judge.

ORDER

Upon review of the file, we consider whether this appeal should be dismissed for lack of jurisdiction.
On February 6, 2001, we remanded Her-yla’s previous appeal, appeal no. 01-7032, to the Court of Appeals for Veterans Claims for further proceedings consistent with the Veterans Claims Assistance Act of 2000, Pub.L. No. 106^75, 114 Stat. 2096. Thereafter, in March of 2001, the Court of Appeals for Veterans Claims vacated the decision of the Board of Veterans’ Appeals and remanded the case for consideration of the merits of Heryla’s claims for service connection. Heryla appeals that remand determination to this court.
This court has jurisdiction over final decisions of the Court of Appeals for Veterans Claims. See Winn v. Brown, 110 F.3d 56, 57 (Fed.Cir.1997); Johnson v. Derwin-ski, 949 F.2d 394, 395 (Fed.Cir.1991); 38 U.S.C. § 7292(a). “This court typically does not have jurisdiction over Court of Veterans Appeals [now Court of Appeals for Veterans Claims] remands because they are not final judgments.” Winn, 110 F.3d at 57. See also Cabot v. United States, 788 F.2d 1539 (Fed.Cir.1986) (remand to administrative agency for additional findings is not appealable even though remand order resolves an important legal issue). This case does not fall within the “collateral order exception” to the final judgment rule because Heryla may later obtain review from an adverse final judgment of the Court of Appeals for Veterans Claims that falls within our jurisdictional mandate. See 38 U.S.C. § 7292(c). Therefore, we must dismiss for lack of jurisdiction.
Accordingly,
IT IS ORDERED THAT:
(1) This appeal is dismissed.
(2) Each side shall bear its own costs.