Cathy TOOLE, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 01–7080.

United States Court of Appeals,
Federal Circuit.

Oct. 1, 2001.

Before LOURIE, CLEVENGER, and LINN, Circuit Judges.

## ORDER

LOURIE, Circuit Judge.

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Cathy Toole's appeal because she has appealed from a nonfinal order. Toole opposes.

On September 8, 2000, the Board of Veterans' Appeals denied Toole's claim for benefits as the surviving spouse of veteran James L. Toole, determining that her claim for service connection for her husband's death was not well grounded. The Board also denied her claims for dependency and indemnity compensation and for dependent's educational assistance. Toole appealed to the Court of Appeals for Veterans Claims, and the Secretary moved for remand. Toole opposed. The Court of Appeals for Veterans Claims granted the Secretary's motion, vacated the Board's decision, and remanded for readjudication of Toole's claims consistent with the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106–475, 114 Stat.2096.

This court has jurisdiction over final decisions of the Court of Appeals for Veterans Claims. *See Winn v. Brown,* 110 F.3d 56, 57 (Fed.Cir.1997); *Johnson v. Derwinski,* 949 F.2d 394, 395 (Fed.Cir.1991); 38 U.S.C. § 7292(a). "This court typically does not have jurisdiction over Court of Veterans Appeals [now Court of Appeals for Veterans Claims] remands because they are not final judgments." *Winn,* 110 F.3d at 57. *See also Cabot v. United States,* 788 F.2d 1539 (Fed.Cir.1986) (remand to administrative agency for additional findings is not appealable even though remand order resolves an important legal issue). In this case, the Court of Appeals for Veterans Claims rendered no decision on the merits of the case, but remanded for application of the VCAA, an action potentially favorable to Toole. Toole does not challenge the Court of Appeals for Veterans Claims' decision to remand for application of the VCAA by the Board. Rather, she appeals the decision on the basis that this court should provide her "a honest decision" and require "individuals that work for the U.S. Government ... to get sworn in under oaths" so that "they got to tell the truth then ." Toole asserts that some of her husband's records are missing and wants this court to compel the production of these records or, in the alternative, to order "the U.S. Government [to] pay the cost to [have her husband's] body exhumed" and examined by private physicians. None of these issues was ad-

dressed in the Court of Appeals for Veterans Claims' remand decision, which was based entirely on the subsequent enactment of the VCAA. We agree with the Secretary that this case must be dismissed as nonfinal.

The case does not fall within the "collateral order exception" to the final judgment rule because Toole may later obtain review from any adverse final judgment of the Court of Appeals for Veterans Claims that falls within our jurisdictional mandate. *See* 38 U.S.C. § 7292(c). Neither does it fall within any of the other exceptions permitting appeals from remand orders. *See Adams v. Principi*, 256 F.3d 1318 (Fed.Cir.2001); *Travelstead v. Derwinski*, 978 F.2d 1244 (Fed.Cir.1992).

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.