**Danny E. LISTER, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 01–7078.**

United States Court of Appeals, Federal Circuit.

Oct. 1, 2001.

Before LOURIE, CLEVENGER, and LINN, Circuit Judges.

## ORDER

LOURIE, Circuit Judge.

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Danny E. Lister's appeal for lack of jurisdiction. Lister has not responded.*

---

* A response was received from appellant's spouse, Jan Lister. We note that a litigant may appear pro se or be represented by counsel. A nonattorney may not represent a litigant before this court. *See* Fed. Cir. R. 47.3(a); Guide for Pro Se Petitioners and Appellants, ¶ 1.

On April 27, 2001, the Court of Appeals for Veterans Claims vacated the decision of the Board of Veterans' Appeals and remanded for readjudication based on the Veterans Claims Assistance Act of 2000, Pub.L. No. 106–475, 115 Stat.2096.

This court has jurisdiction over final decisions of the Court of Appeals for Veterans Claims. *See Winn v. Brown,* 110 F.3d 56, 57 (Fed.Cir.1997); *Johnson v. Derwinski,* 949 F.2d 394, 395 (Fed.Cir.1991); 38 U.S.C. § 7292(a). "This court typically does not have jurisdiction over Court of Veterans Appeals [now Court of Appeals for Veterans Claims] remands because they are not final judgments." *Winn,* 110 F.3d at 57. *See also Cabot v. United States,* 788 F.2d 1539 (Fed.Cir.1986) (remand to administrative agency for additional findings is not appealable even though remand order resolves an important legal issue). This case does not fall within the "collateral order exception" to the final judgment rule because Lister may later obtain review from an adverse final judgment of the Court of Appeals for Veterans Claims that falls within our jurisdictional mandate. *See* 38 U.S.C. § 7292(c). Neither does it fall within any of the other exceptions permitting appeals from remand orders. *See Adams v. Principi,* 256 F.3d 1318 (Fed.Cir.2001); *Travelstead v. Derwinski,* 978 F.2d 1244 (Fed. Cir.1992). Therefore, we must dismiss for lack of jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.

