**Albert F. TEAGUE, Jr., Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 01–7074.

United States Court of Appeals, Federal Circuit.

Oct. 1, 2001.

Before LOURIE, CLEVENGER, and LINN, Circuit Judges.

## ORDER

LOURIE, Circuit Judge.

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Albert F. Teague, Jr.'s appeal because he has appealed from a nonfinal order.

On May 11, 2000, the Board of Veterans' Appeals denied Teague's claim for service connection for a chronic acquired psychiatric disorder and his claim that new and material evidence had been presented as to bilateral hearing loss. The Board also remanded two additional claims. Teague appealed to the Court of Appeals for Veterans Claims, and the Secretary moved for remand. Teague opposed. The Court of Appeals for Veterans Claims granted the Secretary's motion, vacated the Board's decision, and remanded for readjudication of Teague's claims consistent with the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106–475, 114 Stat. 2096.

This court has jurisdiction over final decisions of the Court of Appeals for Veterans Claims. *See Winn v. Brown,* 110 F.3d 56, 57 (Fed.Cir.1997); *Johnson v. Derwinski,* 949 F.2d 394, 395 (Fed.Cir.1991); 38 U.S.C. § 7292(a). "This court typically does not have jurisdiction over Court of Veterans Appeals [now Court of Appeals for Veterans Claims] remands because they are not final judgments." *Winn,* 110 F.3d at 57. *See also Cabot v. United States,* 788 F.2d 1539 (Fed.Cir.1986) (remand to administrative agency for additional findings is not appealable even though remand order resolves an impor-

tant legal issue). In this case, the Court of Appeals for Veterans Claims rendered no decision on the merits of the case, but remanded for application of the VCAA, an action potentially favorable to Teague. Teague does not challenge the Court of Appeals for Veterans Claims' decision to remand for application of the VCAA by the Board. Rather, in his informal brief, he cites several criminal statutes and asks this court for relief including "reinstatement back to the postal service," an award of $250,000 in damages, appointment of counsel in a disability retirement case, and a restraining order "on postal service management, and N.A.L.C. union officials, and labor employees." Teague further asserts that the record on appeal is incomplete.

None of the issues raised by Teague were addressed in the Court of Appeals for Veterans Claims' remand decision, which was based entirely on the subsequent enactment of the VCAA. Under these circumstances, we agree with the Secretary that this case must be dismissed as nonfinal. The case does not fall within the "collateral order exception" to the final judgment rule because Teague may later obtain review from any adverse final judgment of the Court of Appeals for Veterans Claims that falls within our jurisdictional mandate. *See* 38 U.S.C. § 7292(c). Neither does it fall within any of the other exceptions permitting appeals from remand orders. *See, e.g., Adams v. Principi,* 256 F.3d 1318, 1321 (Fed.Cir.2001); *Travelstead v. Derwinski,* 978 F.2d 1244 (Fed.Cir.1992).

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.