**Truitt A. SEGERS, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 01–7072.

United States Court of Appeals, Federal Circuit.

Oct. 1, 2001.

Before LOURIE, CLEVENGER, and LINN, Circuit Judges.

ORDER

LOURIE, Circuit Judge.

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Truitt A. Segers's appeal for lack of jurisdiction because he has appealed from a nonfinal order. Segers has not responded.

On May 31, 1998, the Board of Veterans' Appeals denied Segers' claim for a light staph epidermidis and light gaffkya species, concluding that Segers' claim was not well-grounded. Segers appealed to the Court of Appeals for Veterans Claims, and the Secretary moved for remand based on the Veterans Claims Assistance Act of 2000, Pub.L. No. 106–475, 115 Stat.2096 (VCAA). The Court of Appeals for Veterans Claims granted the Secretary's motion, vacated the Board decision, and remanded for readjudication based on the VCAA. In its remand order, the Court of Appeals for Veterans Claims noted that Segers did not oppose the remand in his "answer" to the Secretary's motion, but that if a remand were granted, Segers requested expedited consideration by the Board and that his case be completed "on or before a date set by the Court." In denying that request, the court concluded that Segers did not present "exigent circumstances" to warrant an order directing that Segers' claim be adjudicated by a date certain.

In his informal brief, Segers asserts that statements in support of his claim "were withheld and would have made a material difference in the decision(s) made had they been made a part of the record." However, as noted by the United States Court of Appeals for Veterans Claims in its remand order, Segers "is free to submit additional evidence and argument necessary to the resolution of his claim" on remand. Segers does not challenge the court's denial of

his request for expedited consideration on remand.

This court has jurisdiction over final decisions of the Court of Appeals for Veterans Claims. *See Winn v. Brown*, 110 F.3d 56, 57 (Fed.Cir.1997); *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed.Cir.1991); 38 U.S.C. § 7292(a). "This court typically does not have jurisdiction over Court of Veterans Appeals [now Court of Appeals for Veterans Claims] remands because they are not final judgments." *Winn*, 110 F.3d at 57. *See also Cabot v. United States*, 788 F.2d 1539 (Fed.Cir.1986) (remand to administrative agency for additional findings is not appealable even though remand order resolves an important legal issue). This case does not fall within the "collateral order exception" to the final judgment rule because Segers may later obtain review from an adverse final judgment of the Court of Appeals for Veterans Claims that falls within our jurisdictional mandate. *See* 38 U.S.C. § 7292(c). Neither does it fall within any of the other exceptions permitting appeals from remand orders. *See Adams v. Principi*, 256 F.3d 1318 (Fed.Cir.2001); *Travelstead v. Derwinski*, 978 F.2d 1244 (Fed. Cir.1992). Therefore, we must dismiss for lack of jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.