**Lee P. WALKER, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 01–7096.

United States Court of Appeals, Federal Circuit.

Nov. 2, 2001.

Before MICHEL, RADER, and GAJARSA, Circuit Judges.

ON MOTION

RADER, Circuit Judge.

*ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Lee P. Walker's appeal because he has appealed from a nonfinal order. Walker opposes.

On December 14, 1999, the Board of Veterans' Appeals determined that Walker had failed to present new and material evidence sufficient to reopen a prior claim for service connection for left ear hearing loss. Walker appealed to the Court of Appeals for Veterans Claims, arguing, inter alia, that the VA breached its duty to assist him. In response, the Secretary moved for a remand based on the Veterans Claims Assistance Act of 2000, Pub.L. No. 106–475, 115 Stat. 2096 (VCAA). The Court of Appeals for Veterans Claims granted the Secretary's motion, vacated the Board decision, and remanded for readjudication based on the VCAA.

This court has jurisdiction over final decisions of the Court of Appeals for Veterans Claims. *See Winn v. Brown,* 110 F.3d 56, 57 (Fed.Cir.1997); *Johnson v. Derwinski,* 949 F.2d 394, 395 (Fed.Cir. 1991); 38 U.S.C. § 7292(a). "This court typically does not have jurisdiction over Court of Veterans Appeals [now Court of Appeals for Veterans Claims] remands be-

cause they are not final judgments." *Winn*, 110 F.3d at 57. *See also Cabot v. United States*, 788 F.2d 1539 (Fed.Cir. 1986) (remand to administrative agency for additional findings is not appealable even though remand order resolves an important legal issue).

 In this case, the Court of Appeals for Veterans Claims rendered no decision on the merits of the case, but remanded for application of the VCAA, an action potentially favorable to Walker. Walker does not contest the need for a remand. Rather, he alleges that the decision by the regional office was not final and that therefore he did not need to show there was clear and unmistakable error before the Board. This issue was not addressed in the Court of Appeals for Veterans Claims' remand decision, which was based entirely on the subsequent enactment of the VCAA. As stated by the Court of Appeals for Veterans Claims, on remand Walker "is free to proffer to the Board additional arguments and the Board must address them."

This case does not fall within the "collateral order exception" to the final judgment rule because Walker may later obtain review of an adverse final judgment of the Court of Appeals for Veterans Claims that falls within our jurisdictional mandate. *See* 38 U.S.C. § 7292(c). Neither does it fall within any of the other exceptions permitting appeals from remand orders. *See Adams v. Principi*, 256 F.3d 1318 (Fed.Cir.2001); *Travelstead v. Derwinski*, 978 F.2d 1244 (Fed.Cir.1992). Therefore, we must dismiss for lack of jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.