PER CURIAM.
I
The underlying issue in this ease is whether the appellant veteran’s psychiatric illness is service connected because it was incurred or aggravated during his military service, The -facts pertinent to the jurisdictional issue we decide are undisputed.
The Board of Veterans’ Appeals (“Board”) upheld the denial of “service connection for a psychiatric disorder” by the Department of Veterans Affairs’ Regional Office (“Regional Office”) because the appellant Pente had “not submitted competent evidence that the preexisting psychiatric disability underwent a permanent increase in severity as a result of military service.” The Board ruled that he had not “presented evidence of a well-grounded claim,” as 38 U.S.C. § 5107(a) then required.
While Pente’s appeal from the Board’s decision was pending before the United States Court of Appeals for Veterans Claims (“Veterans Court”), Congress enacted the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat.2096 (Nov. 9, 2000) (the “2000 Assistance Act”) which, among other things, eliminated the well-grounded claim requirement for “any claim ... filed before the date of the enactment of [the VCAA] and not final as of that date.” On the government’s motion, the court vacated the Board’s decision and remanded “for readjudication on the merits.” The court stated that such action was
required by the VCAA. Because the Board denied the appellant’s claim as not well grounded, a remand is required in order to provide the BVA with an opportunity to adjudicate the appellant’s claim on the merits.... On remand, the appellant is free to submit additional evidence and argument necessary to the resolution of his claims.... Moreover, if the circumstances warrant, the Board is authorized and obligated to remand the claims to the regional office for further development, (citations omitted).
II
This court’s recent decision in Williams v. Principi 275 F.3d 1361 (Fed.Cir.2002), controls this case and requires dismissal of the appeal for lack of jurisdiction.
Williams is strikingly similar to the present case. There, the Board upheld the Regional Office’s denial of service connection for a veteran’s “claims for service connection for numerous medical and psychiatric conditions as not well grounded,” Williams, 275 F.3d at 1363, the 2000 Assistance Act was enacted while the appeal was pending before the Veterans Court, and the Veterans Court, without reaching the merits,
vacated the Board’s decision, concluding that “a remand [of the entire case] is ... indicated to provide an opportunity for readjudication of these claims in light of the VCAA.” The Court of Appeals for Veterans Claims further noted that “[o]n remand, the appellant will be free to *997 submit additional evidence and argument (including any argument he has tried to present here on appeal) on the remanded claims.”
Id. (alterations in original) (citations omitted).
In Williams this court pointed out that although the statute authorizing review of Veterans Court decisions “does not expressly premise appellate review on the finality of that decision, ... [t]his court typically will not review remand orders by the [Veterans] Court ... ‘because they are not final judgments.’ ” Id. at 1363-64 (quoting Winn v. Brown, 110 F.3d 56, 57 (Fed.Cir.1997)). The court stated:
Our cases establish that we will depart from the strict rule of finality when the Court of Appeals for Veterans Claims has remanded for further proceedings only if three conditions are satisfied: (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, i e., that the remand proceeding may moot the issue.
Id. at 1364 (footnotes omitted). The court held that
[t]he remand order in this case does not satisfy any of these criteria. First, there has been no clear and final decision on a legal issue; the Court of Appeals for Veterans Claims has merely remanded for further consideration of the issues by the Board as a predicate to further review of those issues by the Court of Appeals for Veterans Claims.... Second, whatever legal rulings may have been made by the Court of Appeals for Veterans Claims are not adverse to Williams because that court ruled that the VCAA might require that the veteran’s claims be judged under a more veteran-friendly rule. Finally, there has been no showing that any legal ruling would be mooted by the remand.
Id. at 1364-65.
The reasoning and much of the language in Williams are equally applicable to the present case and compel the same conclusion: the Veterans Court remand order in this case is not a final decision and we therefore lack jurisdiction to review it.
Here, as in Williams, (1) the veteran’s claims were rejected as not well grounded; (2) during the appeal to the Veterans Court, Congress eliminated the well-grounded claim requirement; and (3) the Veterans Court, without reaching the merits, vacated the Board’s decision and remanded the case to permit readjudication of the claims in light of the new statute. In both cases, in vacating and remanding, the Veterans Court decided no legal issue, but merely gave the Board an opportunity to readjudicate the merits under the new statute. The fact that Pente may rely on different statutory provisions to support his claim than Williams did does not change the nature of the Veterans Court remand order as non-final.
The remand order of the Veterans Court was not a final decision. The appeal from that order therefore is dismissed for lack of jurisdiction.