Ivy L. HORTON, Claimant–Appellant,

v.

Eric K. SHINSEKI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 2008–7151.

United States Court of Appeals, Federal Circuit.

Feb. 6, 2009.

Ivy L. Horton, Gilmer, TX, pro se.

Before GAJARSA, LINN, and PROST, Circuit Judges.

## ON MOTION

PER CURIAM.

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Ivy L. Horton's appeal from the United States Court of Appeals for Veterans Claims judgment in *Horton v. Peake,* 06–0931, for lack of jurisdiction.

Horton sought review by the Court of Appeals for Veterans Claims of a Board of Veterans' Appeals decision that denied Horton's claims for entitlement to benefits other than health care. The Veterans Court vacated and remanded the appeal for readjudication. Horton now seeks review of the remand order.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court typically lacks jurisdiction over Veterans Court remands because they are not final judgments. This court can only review remands, inter alia, where "the remand disposes of an important legal issue that would be effectively unreviewable at a later stage of litigation." *Winn v. Brown,* 110 F.3d 56, 57 (Fed.Cir.1997). Because the Veterans Court's decision to remand in this case does not include any legal issue that would be effectively unreviewable at a later stage of litigation, this court does not have jurisdiction to review the Veterans

Court's nonfinal remand order.*

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

---

* If the Veterans Court issues an adverse final decision at a later date, Horton may thereafter seek review of that decision, if appealable and within this court's jurisdiction.