**Jenese E. SMITH, Claimant–Appellant,**

v.

**Eric K. SHINSEKI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 2009–7031.

United States Court of Appeals, Federal Circuit.

May 5, 2009.

Jenese E. Smith, Roanoke, VA, Claimant–Appellant.

Before GAJARSA, FRIEDMAN, and LINN, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Jenese E. Smith's appeal from the United States Court of Appeals for Veterans Claims judgment in *Smith v. Peake*, 06–2970, for lack of jurisdiction. Smith opposes,

Smith sought review by the Court of Appeals for Veterans Claims of a Board of Veterans' Appeals decision that denied particular disability ratings. Determining that the Board's statement of reasons or bases was inadequate, the Court of Appeals for Veterans Claims vacated and remanded the appeal for readjudication. Smith now seeks review of the remand order.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court typically lacks jurisdiction over remand orders because they are not final judgments. This court can only review remands, inter alia, where "the remand disposes of an important legal issue that would be effectively unreviewable at a later stage of litigation." *Winn v. Brown*, 110 F.3d 56, 57 (Fed.Cir.1997). *See also Williams v. Principi*, 275 F.3d 1361, 1364 (Fed.Cir.2002). Because the Court of Appeals for Veterans Claims decision to remand in this case does not decide any legal issue that would be effectively unreviewable at a later stage of litigation, this court does not have jurisdiction to review the Court of Appeals for Veterans Claims remand order.*

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

---

* If the Court of Appeals for Veterans Claims issues an adverse final decision at a later date, Smith may thereafter seek review of that decision, if appealable and within this court's jurisdiction.