NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BOICE F. SMITHERS, JR.,**

*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2015-7079

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-2835, Judge Margaret C. Bartley.

---

Decided: December 18, 2015

---

BOICE F. SMITHERS, Jr., Rome, NY, pro se.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD; JONATHAN ELLIOTT TAYLOR, DAVID J. BARRANS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* CLEVENGER, and MOORE, *Circuit Judges.*

PER CURIAM.

Boice F. Smithers, Jr., appeals from the memorandum decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals ("Board") decision denying him entitlement to a non-service-connected pension. We *dismiss* for lack of jurisdiction.

## BACKGROUND

Mr. Smithers served on active duty in the U.S. Navy. In August 2001, Mr. Smithers filed an application for Department of Veterans Affairs ("VA") disability compensation for multiple conditions. In 2004, the regional office denied all of Mr. Smithers' claims. Mr. Smithers appealed to the Board and the Veterans Court, and on remand, testified via videoconference before the Board. In July 2012, the Board denied service connection for all of Mr. Smithers' claimed conditions. The Board also denied Mr. Smithers' claim for a non-service-connected pension, concluding that he did not serve in the military during a "period of war," as required by 38 U.S.C. § 1521. On March 20, 2012, the Veterans Court issued a memorandum decision setting aside the Board's denials of service connection and remanding for readjudication. The Veterans Court affirmed the Board's denial of entitlement to a non-service-connected pension. Mr. Smithers appeals.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We have jurisdiction to review a decision of the Veterans Court "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof

. . . that was relied on by the [Veterans Court] in making the decision." 38 U.S.C. § 7292(a) (2012). Except where an appeal raises a constitutional issue, we lack jurisdiction to review a "challenge to a factual determination" or a "challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

We do not have jurisdiction over Veterans Court remands because they are not final judgments. *Winn v. Brown*, 110 F.3d 56, 57 (Fed. Cir. 1997). However, when a veteran's case involves multiple claims and the Veterans Court remands some of the claims but reaches a final judgment on others, we can review the claims which have been fully and finally adjudicated. *Elkins v. Gober*, 229 F.3d 1369, 1374 (Fed. Cir. 2000). In this case, we may review claims finally decided by the Veterans Court that are not intertwined with the remanded claims. *See Allen v. Principi*, 237 F.3d 1368, 1374 (Fed. Cir. 2001).

Mr. Smithers appeals the Veterans Court's remand of his service-connected disability claims and its affirmance of the denial of his claim for a non-service-connected pension. Mr. Smithers' service-connected disability claims have been remanded to the Board, and are therefore not final. We lack jurisdiction to review these claims. The Veterans Court has, however, reached a final decision on Mr. Smithers' claim for a non-service-connected pension. And because it is not intertwined with the remanded claims, we are not barred from reviewing this claim on the grounds that it is not a final judgment.

Nonetheless, because Mr. Smithers only challenges fact findings or the application of law to fact, we lack jurisdiction over the appeal of the Veterans Court's denial of the claim for a non-service-connected pension under § 7292. To obtain a non-service-connected pension, the veteran must have served during a "period of war." 38 U.S.C. § 1521(a); *see also* 38 C.F.R. § 3.2(f), (i) (2013) (defining "period of war" to include the Persian Gulf War,

from August 2, 1990 until the present). Mr. Smithers challenges the Veterans Court's fact finding that he only served until 1989, arguing instead that he served until 1992. *See* Appellant's Inf. Br. 7. Mr. Smithers also argues that he should receive a non-service-connected pension because he "spent more time overseas than at home" during his service. Appellant's Inf. Br. 3–4. Mr. Smithers challenges the Veterans Court's factual determinations and its application of the law to the facts of his case. We do not have jurisdiction to review these challenges.

## CONCLUSION

For the foregoing reasons, the appeal is *dismissed* for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.