NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDDY JEAN PHILIPPEAUX,**

*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2020-1353

---

Appeals from the United States Court of Appeals for Veterans Claims in No. 18-1961, Senior Judge Mary J. Schoelen.

---

Decided: August 4, 2020

---

EDDY JEAN PHILIPPEAUX, Miami, FL, pro se.

LIRIDONA SINANI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ETHAN P. DAVIS, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before LOURIE, MOORE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Eddy J. Philippeaux appeals from an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") remanding to the Board of Veterans' Appeals ("Board") Philippeaux's claim for entitlement to service connection for traumatic brain injury ("TBI"), or residuals thereof. *Philippeaux v. Wilkie*, No. 18-1961, 2019 WL 4007850 (Vet. App. Aug. 26, 2019). Because the Veterans Court's remand order is not a final decision, we *dismiss* Philippeaux's appeal for lack of jurisdiction.

## I. BACKGROUND

Philippeaux served on active duty with the Navy from 1972 to 1980 and on active duty with the Air Force from 1984 to 1985. In October 1977, while serving in the Navy, Philippeaux was medically evaluated after hitting his head against a wall. The examination revealed a one-centimeter laceration of the left eye, which was treated with two stiches, and a small abrasion of the right eye. Philippeaux was then cleared to return to duty.

In December 2009, Philippeaux filed a claim for entitlement to service connection for traumatic brain injury ("TBI") or residuals thereof. He underwent a series of examinations through the VA. In February 2010, a VA examiner concluded that Philippeaux's screening for TBI was positive and referred Philippeaux for further examination. Records of the follow-up appointments in March and April do not contain a TBI diagnosis and one physician concluded TBI was unlikely. On that record, a May 2010 rating decision denied Philippeaux service connection. On May 28, 2010, after the rating decision, VA records show that a VA clinician again diagnosed Philippeaux with TBI. Philippeaux appealed the rating decision to the Board.

In February 2015, Philippeaux underwent additional examination and the examiner determined that Philippeaux did not have, and never had, TBI. In March 2018, the Board denied Philippeaux service connection for TBI. It determined that the evidence from 2010 and 2015 did not establish a diagnosis of TBI.[1] The Board, however, did not discuss the May 28, 2010 diagnosis. Philippeaux thus appealed to the Veterans Court

The Veterans Court found that, by failing to address the May 28, 2010 diagnosis, the Board gave an inadequate statement of reasons for denying service connection for TBI. It held that the evidence may support service connection and remanded to the Board for further consideration. It explained that reversal was inappropriate because the Board had not yet completed the required fact finding.

Philippeaux filed a motion for reconsideration or, in the alternative, a motion for panel decision. On December 18, 2019, panel review was granted, and the Veterans Court adopted the single-judge decision as the decision of the court.

Philippeaux appeals.

## II. DISCUSSION

Due to prudential considerations, we "typically will not review remand orders by the [Veterans Court] 'because they are not final judgments.'" *Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002) (quoting *Winn v. Brown*, 110 F.3d 56, 57 (Fed. Cir. 1997)). We will exercise jurisdiction over such appeals in limited circumstances:

---

[1]     The Board also denied a host of Philippeaux's other requests. *Philippeaux*, 2019 WL 4007850, at *1 n.1. Philippeaux made no argument to the Veterans Court on those issues and the court deemed them abandoned. *Id.* Accordingly, we do not address them here.

> (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue.

*Id.* (footnotes omitted).  None of these criteria are met here.

Most importantly, the Veterans Court did not finally decide any legal issues.  The Veterans Court remanded Philippeaux's claim because the Board did not satisfy its obligation pursuant to 38 U.S.C. § 7104(d)(1) to address all material facts.  The Veterans Court did not elaborate on the meaning of § 7104(d)(1) or any other statute or regulation, and simply applied settled law to the facts.  And the Veterans Court's resolution of the issue in this case, i.e. identifying the Board's failure to address evidence favorable to Philippeaux and remanding, was not adverse to Philippeaux.  It was, in fact, a small victory.

Accordingly, the Veterans Court's remand order is not properly subject to our review.

### III. CONCLUSION

For the reasons discussed above, we *dismiss* Philippeaux's appeal for lack of jurisdiction.[2]

---

[2]    On February 14, 2020, Philippeaux filed with this court a motion requesting that we strike title 38 U.S.C. § 511 as unconstitutional and appoint him counsel.  ECF No. 28.    Because we lack jurisdiction to entertain Philippeaux's appeal, we *dismiss* his motion.

## DISMISSED

COSTS

No costs.