NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CYNTHIA A. TORREZ,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1909

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-7646, Judge Scott Laurer.

---

Decided: November 14, 2022

---

CYNTHIA A. TORREZ, San Antonio, TX, pro se.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before REYNA, SCHALL, and CHEN, *Circuit Judges.*

PER CURIAM.

Mrs. Torrez appeals a decision of the U.S. Court of Appeals for Veterans Claims that affirmed in part and vacated in part the Board of Veterans Appeals' October 6, 2020 determination on her late husband's claims for certain veteran's disability benefits. For the following reasons, we affirm the judgment of the U.S. Court of Appeals for Veterans Claims that affirms in part the Board's determination and we decline to review the court's non-final order to vacate in part and remand.

## BACKGROUND

Mr. Torrez served on active duty in the Air Force from June 1979 to May 1995. GApp'x 16. [1] One month after his separation from the Air Force, he sought service connection claims for various disabilities—including right and left ankle disabilities, bilateral hearing loss, a heart condition, a knee condition, tonsillitis, and seborrheic dermatitis. Resp. Br. 2–3. In September 1995, the Veterans Affairs ("VA") regional office ("RO") granted service connection claims with a non-compensable rating for a right ankle condition and bilateral knee tendinitis. *Id.*; GApp'x 24–26. The RO, however, denied service connection claims for: bilateral hearing loss for not being a present disability, tinnitus for missing an in-service connection, and a heart condition for being congenital. *Id.* at 3; GApp'x 18–19. The RO also denied service connection claims for an abnormal EKG, left ankle injury, tonsillitis, and seborrheic dermatitis as lacking evidence of current disability. Resp. Br. 3. Mr. Torrez did not appeal the decision and it became final.

---

[1] "GApp'x" refers to the appendix attached to the Government's Response Brief.

In January 2011, Mr. Torrez sought service connection claims for lung cancer, lumbar spine disability, hypertension, liver disability, peripheral neuropathy, gastrointestinal disability, mediastinal lymphadenopathy, disability of the blood-forming organs, reticuloendothelial disability, agranulocytosis, nasal disability, epistaxis, and hyperlipidemia (the "2011 claims"). Resp. Br. 3; GApp'x 20–21. He also attempted to reopen the denied claims and increase the disability rating for the granted service-connection conditions. Resp. Br. 3; GApp'x 18–19, 24. In April 2011, the RO requested additional information from Mr. Torrez. Resp. Br. 4. Mr. Torrez then underwent a knee and ankle examination and hearing loss examination by the VA where the examiner reported service-connected bilateral tinnitus. Resp. Br. 4; GApp'x 19, 29.

Mr. Torrez died in July 2011 from Stage 4 metastatic lung cancer with acute hypoxic respiratory failure. GApp'x 30. Mrs. Torrez sought accrued benefits and became the substitute appellant. Resp. Br. 4; GApp'x 16–17. Shortly thereafter, the RO had granted service connection claims for tinnitus with a 10% rating and a right ankle scar with a non-compensable rating; retained the non-compensable ratings for right ankle arthritis, hearing loss, and bilateral knee tendinitis (collectively, the "granted claims"); denied reopening previously denied claims; denied over a dozen other claims; and denied service connection claims for Mr. Torrez's death. Resp. Br. 4–5; GApp'x 16–17, 24–26.

Mrs. Torrez filed a notice of disagreement with the April 2013 rating decision, alleging clear and unmistakable error ("CUE"). Resp. Br. at 5. In June 2015, the Board of Veterans Appeals ("Board") found CUE in the September 1995 rating decision and granted service connection claims for left ear hearing loss but found no CUE in the decision for the right ear hearing loss, tinnitus, left ankle injury, tonsillitis, seborrheic dermatitis, systolic heart murmur, and sinus bradycardia with primacy AV block. Resp. Br. 5;

GApp'x 17–19.  The Board remanded the remaining claims on appeal for further development of the record.  *Id.*

The case returned to the Board and, in May 2018, the Board again remanded the claims on appeal because the agency of original jurisdiction ("AOJ") failed to comply with the Board's June 2015 instructions.  Resp. Br. 5; GApp'x 8.  The Board's 2018 decision, however, omitted the allergic rhinitis claim without explanation.  GApp'x 8.   The AOJ then issued a supplemental statement of the case ("SSOC") in March 2020 that, too, failed to address the allergic rhinitis claim.  *Id.* That month, a VA medical expert offered several opinions on Mr. Torrez's conditions, ultimately finding that the diagnoses were "less likely than not" related to any in-service illness and that his service-connected conditions of the 2011 claims and psoriasis, seborrheic dermatitis, liver condition did not substantially contribute to his death.  Resp. Br. 6; GApp'x 22, 30.

The Board then issued a decision on October 6, 2020, denying Mrs. Torrez's service connection claims for: heart disability, a left ankle disability, tonsillitis, seborrheic dermatitis, right ear hearing loss,  lung cancer, a lumbar spine disability, peripheral neuropathy, hypertension, "a liver disability, to include lesions," a gastrointestinal disability, mediastinal lymphadenopathy, a "blood forming organ" disability, a reticuloendothelial disability, agranulocytosis, a nasal disability, to include epistaxis, a disability manifested by hyperlipidemia, allergic rhinitis, and the cause of the veteran's death.  GApp'x 1.  Finally, the Board denied Mrs. Torrez's request to increase rating claims for the granted claims.  *Id.*

Mrs. Torrez appealed the Board's decision to the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). Before the Veterans Court, the Secretary made several concessions.  The Secretary conceded that the Board did not address materially favorable evidence and failed to support both its refusal to open the heart disability claim and its

denial of service connection claims for the 2011 claims and allergic rhinitis.  Resp. Br. 7; GApp'x 2.

The court accepted these concessions and remanded those claims to the Board, noting that the Board should consider whether the other disabilities were compensable medically unexplained chronic illnesses under 38 C.F.R. § 3.317. GApp'x 2.  The court also found that the AOJ failed to issue a SSOC with respect to allergic rhinitis and ordered the Board to "remand that claim before readjudicating it."  *Id.*   Finally, because Mrs. Torrez's service connection claim for Mr. Torrez's cause of death is inextricably intertwined with the other claims, that was remanded as well.  *Id.*  The court affirmed the remainder of the Board's decision—the denial of the request to reopen service connection claims for a left ankle injury, tonsillitis, seborrheic dermatitis, and right ear hearing loss, and increased rating claims for the granted claims.  *Id.* at 2–3. Mrs. Torrez filed this appeal.  We have jurisdiction under 38 U.S.C. § 7292.

## STANDARD OF REVIEW

Our authority over Veterans Court decisions is limited. We review the Veterans Court's legal determinations de novo.  *Blubaugh v. McDonald*, 773 F.3d 1310, 1312 (Fed. Cir. 2014).  We do not have authority to engage in fact finding.  38 U.S.C. § 7292(d)(1).  We must affirm the Veterans Court unless the decision is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law."  *Id.*

## DISCUSSION

On appeal, Mrs. Torrez argues for a higher disability rating for several conditions and asserts that the "VA will pay 100% compensation." Reply Br. 10–11.  Mrs. Torrez

next contends that because she is "unrepresented," she did not receive impartial review. *Id.* at 15. Finally, she argues that the RO's September 1995 rating decision did not comply with 38 C.F.R. §§ 3.159(a)(1), 3.309(a), 3.317, "relevant 38 CFR Part 4 Rating Schedule," and "Presumptive Service Connection."[2] *Id.* at 2–5, 14.

We begin with several portions of Mrs. Torrez's appeal that pertain to the assigned disability rating and to the denial to reopen several claims. Mrs. Torrez only challenges the factual findings in these issues. This court, however, does not have jurisdiction over such factual findings or applications of law to fact. 38 U.S.C. § 7292(d)(2); *see also Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004) ("[W]hile [this Court] can review questions of law, [it] cannot review applications of law to fact."); *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013); *McLean v. Wilkie*, 780 F. App'x 892, 895 (Fed. Cir. 2019).

Accordingly, we affirm the Veterans Court's decision to affirm the Board's denial of Mrs. Torrez's request for increased rating claims for service connection claims for bilateral knee tendinitis, right ankle arthritis, right ankle scar, and tinnitus. Similarly, we affirm the Veterans Court's affirmance of the Board's decision to deny Mrs. Torrez's request to reopen service connection claims for left ankle disability, tonsillitis, seborrheic dermatitis, right ear

---

[2]    38 C.F.R. § 3.159(a)(1) relates to the definition of competent medical evidence; § 3.309(a) lists a series of chronic diseases subject to the rebuttable presumption of service connection "although not otherwise established as incurred in or aggravated by service"; and § 3.317 relates to compensation for certain disabilities such as undiagnosed or unexplained illnesses occurring in Persian Gulf veterans.

hearing loss, and the court's decision to deny increased rating claims for the granted claims.

Mrs. Torrez argues, for the first time on appeal, that the Veterans Court did not provide impartial review of her claims. As a general rule, this court will not consider an argument raised for the first time on appeal. *See Boggs v. West*, 188 F.3d 1335, 1337–38 (Fed. Cir. 1999). This rule ensures that the parties and tribunal have an opportunity to provide or respond to all the evidence and relevant issues, as well as avoid unfair surprise on appeal. *Id.* This court has held that it has discretion to entertain arguments for the first time on appeal, and we do so in this case. *See Mobility Workx, LLC v. Unified Patents, LLC*, 15 F.4th 1146, 1151 (Fed. Cir. 2021) (citing *Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases."). We conclude this argument lacks merit. The Veterans Court's opinion specifically acknowledged that self-represented appellant arguments are to be construed liberally. It found, however, that Mrs. Torrez's evidence neither sufficiently supported her claim for several disabilities for VA purposes nor satisfied her burden to prove prejudicial error. GApp'x 5 (citing *De Perez v. Derwinski*, 2 Vet.App. 85, 86 (1992)). As we understand Mrs. Torrez's informal brief, she argues a due process violation. Mrs. Torrez provides no further detail or support for her claim other than restating her disagreement with the Board's decision. Our court lacks jurisdiction over assertions that are "constitutional in name only." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Accordingly, we dismiss this portion of Mrs. Torrez's appeal.

Finally, Mrs. Torrez argues that the Secretary and Board erred by failing to comply with various VA regulations, including 38 C.F.R. §§ 3.309(a), 3.159(a)(1), 3.317, the Part 4 Rating Schedule, and "presumptive service connection." This argument is similar to one she made to the

Board, where she contended that she was entitled to a presumptive service connection under §§ 3.307 and 3.309. The Board, however, found no evidence to support diagnosis or treatment for the conditions within a year of active duty service. GApp'x 21. The Board also reviewed her claims for increased disability rating under 38 C.F.R. Part 4 before denying the claims. *Id.* at 23–29. After reviewing the Board's decision, the Veterans Court vacated and remanded several Board conclusions. The Veterans Court remanded Mr. Torrez's heart disability claim and potentially medically unexplained illness because the Board failed to comply with § 3.317. GApp'x 2. The Veterans Court vacated in part the Board's October 2020 decision that denied service connection claims for thirteen conditions and denied a request to reopen service connection claims for a heart disability, remanding for further development and re-adjudication. GApp'x 10–11. The Veterans Court also remanded the claim for allergic rhinitis, ordering the AOJ to issue a SSOC. *Id.*

This court generally does not review non-final orders of the Veterans Court, including remand orders. *Williams v. Principi*, 275 F.3d 1361, 1364–65 (Fed. Cir. 2002); *Winn v. Brown*, 110 F.3d 56, 57 (Fed. Cir. 1997). Here, there is insufficient finality for purposes of our review over the Veterans Court's decision to remand several service-connection claims for further adjudication and development. The Veterans Court has the authority to remand for clarification of the facts. *Id.* Accordingly, we decline to review the remanded service connection claims that already address any potential error of law.

CONCLUSION

We affirm the Veterans Court's affirmance of the Board's decision to deny appellant's request to reopen service connection claims for left ankle disability, tonsillitis, seborrheic dermatitis, right ear hearing loss, and deny the increased rating claims for bilateral knee tendinitis, right

ankle arthritis, right ankle scar, and tinnitus.  For the remaining arguments, we lack jurisdiction.

**AFFIRMED**

COSTS

No costs.