NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TARA R. GOFFNEY,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1130

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-4394, Judge Joseph L. Falvey, Jr.

---

Decided: January 23, 2023

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; Y. KEN LEE, DEREK SCADDEN, Office of General

Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before LOURIE, TARANTO, and STOLL, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Tara R. Goffney appeals from a remand order of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The remand order instructed the Board to "address the correct facts and law in the first instance," after setting aside a Board decision holding that Goffney was not entitled to attorney fees. *See Goffney v. McDonough*, No. 19-4394, 2021 WL 1096379 (Vet. App. Mar. 23, 2021) ("*Decision*"). We *dismiss*.

BACKGROUND

In 2010, Goffney was retained as counsel by a veteran seeking to secure disability benefits for service-connected PTSD and a total disability rating based on individual unemployability ("TDIU"). Goffney successfully secured benefits for the PTSD claim and was paid for this work. J.A. 93. Thereafter, the veteran revoked Goffney's power of attorney, but not before Goffney had sent the VA papers supporting the veteran's TDIU claim, and the veteran continued to pursue his TDIU claim pro se. J.A. 72-92. The VA denied TDIU in June 2014 and June 2015 rating decisions. The veteran subsequently hired an accredited agent who filed a Notice of Disagreement with the June 2015 decision. In January 2016, a VA Decision Review Officer granted TDIU. J.A. 126–30. The Review Officer also granted the accredited agent entitlement to a 20 percent agent fee. J.A. 131.

Goffney then requested that she also be paid a 20 percent fee based on the award of TDIU. The VA denied her claim after determining that she did not represent the veteran for the filing that led to the TDIU award. J.A. 136–37.

Goffney appealed to the Board, asserting that TDIU is a downstream issue that was part of the original claim. In May 2019, the Board denied Goffney's claim for attorney fees, holding that there was no final Board decision on the issue of TDIU, which is required for attorney fees under 38 C.F.R. § 14.636(c)(2). J.A. 195–203. The Board also found that TDIU was a separate issue from the service-connected PTSD benefits that Goffney secured during her representation of the veteran.

Goffney appealed to the Veterans Court, asserting that the Board's May 2019 decision should be reversed and that she should be awarded an attorney fee of 20 percent of the January 2016 award pursuant to § 14.636(c)(2). The Secretary of Veterans Affairs agreed that the Board erred in denying Goffney reasonable attorney fees but disagreed that Goffney was necessarily entitled to the 20 percent fee. J.A. 210–20. The Secretary counseled that remand was needed for the Board to make findings of fact regarding what constituted a reasonable fee under the circumstances in view of § 14.636(e), (f)(2) and *Scates v. Principi*, 282 F.3d 1362 (Fed. Cir. 2002). The Veterans Court then set aside the Board's finding that attorney fees were not warranted and remanded for the Board to "address the correct facts and law in the first instance." *Decision* at 1. Goffney moved for referral for a panel decision, and the panel affirmed the single-judge remand decision. J.A. 14–17. Goffney timely appealed the remand decision to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is governed by 38 U.S.C. § 7292. Unlike other statutory provisions governing our jurisdiction, § 7292 does not expressly premise appellate review on the finality of the Veterans Court's decision. *Compare, e.g.*, 28 U.S.C. § 1295(a)(1) (conferring jurisdiction over "an appeal from a final decision of a district court"), *with* 38 U.S.C. § 7292(a) ("After a decision of the [Veterans Court] is entered in a

case, any party to the case may obtain a review of the decision . . . ."). Nevertheless, we have "generally declined to review non-final orders of the Veterans Court." *Williams v. Principi*, 275 F.3d 1361, 1364–65 (Fed. Cir. 2002); *see also Winn v. Brown*, 110 F.3d 56, 57 (Fed. Cir. 1997). This includes remand orders, which we have held are "ordinarily not appealable because they are not final." *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001).

Our decision in *Williams* provides a limited exception. We will depart from the strict rule of finality when a veteran establishes that: (1) the Veterans Court issued a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings, or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issue adversely affects the party seeking review; and (3) there is a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue. *Williams*, 275 F.3d at 1364.

Goffney argues that the remand decision is, implicitly, a final decision interpreting § 14.636(c)(2). Blue Br. at 1, 10. *But see id.* at 6 (describing the remand decision as a "purportedly non-final decision"). The government responds by noting that the remand decision does not cite or discuss § 14.636(c)(2), and therefore it cannot be a clear decision interpreting this statute. We agree. If the remand order failed to address § 14.636(c)(2), it thus did not provide a clear and final decision on § 14.636(c)(2), and does not meet the *Williams* exception to finality.

We also note that Goffney herself characterizes the remand order as "fail[ing] to address the question of law presented by Ms. Goffney, which was whether her right to charge and receive a fee is controlled by the provisions of § 14.636(c)(2)." Blue Br. at 1–2; *see also id.* at 7 (asserting that "the Board erred by failing to consider and correctly apply the provisions of 38 C.F.R. § 14.636(c)(2)" and that

the "Veterans Court did not address this averment of error in its decision"); *id.* at 17 ("This question of law required an interpretation of § 14.636(c)(2) (2011) which the Veterans Court never provided."); *id.* at 24 (describing "the Veterans Court's failure to consider and apply the provisions of 38 C.F.R. § 14.636(c)(2)").

Nor does the remand decision provide a clear and final decision of a legal issue involving a different provision of law. For example, the remand decision did not analyze the provisions of 38 U.S.C. § 5904(c)(3) or 38 C.F.R. § 14.636(i) to assess whether the Board has jurisdiction to review reasonableness of Goffney's fee. Nor did it address whether *Scates* is relevant or applicable here or explore presumptions of fee reasonableness under 38 U.S.C. § 5904(a)(5) or 38 C.F.R. § 14.636(e), (f)(1). It did not interpret 38 U.S.C. § 5904(d) to make a holding regarding payment of fees in connection with past-due benefits when, *e.g.*, it appears that "20 percent of the total amount of any past-due benefits awarded on the basis of the claim" may have already been paid to the accredited agent who secured the TDIU grant. Instead, the remand decision simply instructs the "Board to address the correct facts and the law in the first instance." *Decision* at 1.

Goffney cites *Caesar v. West,* 195 F.3d 1373, 1375 (Fed. Cir. 1999), as an example of this court holding a remand decision to be clear and final because the issue raised by the appellant "was obviously not resolved by the remand decision." Grey Br. at 4. But here, the issue raised by Goffney was not left unresolvable by the Veterans Court's order directing the "Board to apply the proper interpretation of the law to the correct facts in the first instance." *Decision* at 2. As Goffney concedes, it does not instruct the Board as to what the "proper interpretation of the law" is. Grey Br. at 6. Thus, the remand decision did not decide any legal question regarding the standard of Goffney's claim for fees, and the Board is free, on remand, to entertain those issues in the first instance. Further, there is no

substantial risk that the remand proceeding will deprive Goffney of an opportunity to contest any legal interpretation that allows the Board to review the reasonableness of her fee. *See Decision* at 3 (stating that "[i]n pursuing her claim on remand, [Goffney] will be free to submit additional argument and evidence as to the remanded matter" and that the "Board must consider any such evidence or argument submitted").

After completion of the remand proceedings and entry of a final judgment, if Goffney is dissatisfied with the final Board decision, she may then appeal to the Veterans Court and, if desired, to this court. *See Myore v. Principi*, 323 F.3d 1347, 1351–52 (Fed. Cir. 2003); *Winn*, 110 F.3d at 57.

Because we hold that the remand decision was not a clear and final decision of a legal issue, we need not consider any remaining *Williams* factors to conclude that the remand decision is not immediately appealable.

CONCLUSION

For the foregoing reasons, we therefore *dismiss* Goffney's appeal for lack of jurisdiction.

**DISMISSED**